TOM VACCARO and FREDDIE BUTTICA, v. STATE OF FLORIDA

11 So. (2nd) 186                                June Term, 1942
December 22, 1942                                       En Banc
Rehearing Denied January 20, 1943

*W. K. Zewadski, Wm. C. Pierce* and *T. B. Castiglia,* for appellants.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

ADAMS, J.:

These two appellants were convicted of rape with a recommendation for mercy and sentenced to life imprisonment. Three questions are presented. First, whether it was reversible error for the State attorney to read in evidence to the jury a former indictment purporting to charge the same

crime which former indictment had been quashed. Second, whether the trial judge's remarks to defendants' attorney might have been prejudicial. Third, whether the evidence was sufficient.

These appellants were formerly indicted for this offense and filed a motion to quash because of being improperly named. The motion was granted. Thereafter they were indicted under an alias and plead not guilty. To prove the alias the State offered the motion to quash the first indictment. The motion was signed by the defendant. There was no question of the appellant being the same individual named in each indictment. Both indictments related to the same offense. It was at appellants' suggestion that all the indictment was read to the jury. We fail to find error in the court's ruling in admitting the motion to quash in evidence.

With regard to the second question the record reveals question by defense counsel:

"Q. Do you remember you were asked, and then do you say you did; did you answer when I walked up and asked what became of the girls and they walked off into the woods?

"By the Court: That is not the proper way to examine the witness. Don't use that record in your examination again. If you want to use the record to impeach the testimony go on and ask the question but don't use that record to ask the question.

"By Mr. Zewadski: I have been under the impression that that is what you demanded that I do, and I told you I did not have the record in the last case when I asked the question without.

By the Court: you certainly cannot stand there and read these questions. You ask the question and if he answers anything different from that record, then ask him was this question asked and did you make this answer, and that is the proper way to impeach the witness.

"By Mr. Zewadski: Give us an exception to the instructions.

"By the Court: That is the law and you know it as well as I do. All I want you to do is to do it right according to practice."

This occurred during the cross examination of a state witness. The evident purpose was to impeach the witness's testimony, by what she had given on a former trial.

We find no error of law in the Court's ruling. If counsel desired to impeach the witness he should have proceeded as the trial judge directed; that is by asking the question without reference to the record and if the answer was different from the record then refer to the record and ask if this question (quoting the question), was asked on the former trial and if this answer, (quoting the answer), was given by him thereto. We cannot assume, as counsel would have us, that the ruling was made in a manner or tone of voice that was prejudicial to appellants. We have not overlooked counsel's contention that the trial judge's directions were contrary to those given at an earlier stage of the case. We find no material inconsistency therein.

We come now to the question of whether the evidence is sufficient. On the night of this crime appellants and the prosecutrix and her two girl companions were strangers. They were at a public place at a late hour of the night. A man companion of the girls was acquainted with appellants and arranged for appellants to take the girls home.

The three women entered the rear seat of the automobile. Appellants and the mutual friend entered the front seat. From there one of appellants drove, over the girls' protest, in an opposite direction from their home and finally arrived at a lake several miles distant from the city of departure. In the meantime one of the appellants had persisted in making indecent assaults on the girls. Appellants' car had a New York tag. They spoke the Italian language and frequently conversed with each other in Italian and when so conversing the others present did not understand them. On one or more occasions one of the appellants threatened to have sexual intercourse with one of the girls or he would kill her. The age of this girl was about 17 years. When making these threats he struck the girl several blows with his fist. During this excitement the three women ran. They were pursued by both appellants. Two succeeded in getting away but the third was caught. She submitted to sexual

intercourse with both appellants through fear. Her original companion was near but desisted from interfering through fear of appellants. Thereafter appellants evaded and resisted arrest and in the meantime threatened a material State witness with personal harm unless she aided in abating the prosecution.

The defendant in every criminal case is presumed to be innocent, however that presumption ceases upon the adjudication of guilt and the entry of sentence. When the judgment comes to us for review it comes with a presumption in favor of its regularity. A defendant is not required to testify and his failure to do so cannot be used against him however when the State offers evidence to make a prima facie case and he fails to avail himself of the opportunity to refute same he must suffer the consequences of the verdict of the jury and the judgment of the court thereon.

In our consideration of this case we are justified in considering, as the jury was, the attitude of appellants toward the crime, their concealment and resist of arrest and also their attempt to intimidate a State witness. Wharton's Criminal Evidence, Vol. 1, Eleventh Edition, paragraph 298.

It is our conclusion that the judgment is proper and the same is affirmed.

BROWN, C. J., WHITFIELD, TERRELL, and THOMAS, JJ., concur.

BUFORD and CHAPMAN, JJ., dissent.