122 So.2d 789 (1960)
Lelia Padgett BAGLEY, Appellant,
v.
STATE of Florida, Appellee.
No. B-222.
District Court of Appeal of Florida. First District.
July 28, 1960.
Rehearing Denied October 12, 1960.
*790 George A. Pierce, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Asst. Atty. Gen., for appellee.
STURGIS, Judge.
The appellant, who was convicted of a felony, died subsequent to the filing of our opinion reversing the judgment and remanding the case for a new trial, 119 So.2d 400, but prior to the expiration of the time allowed for filing of a petition for rehearing. During that interim the Attorney General became informed of appellant's death and filed in this court a motion to abate ab initio the proceedings on the appeal and those in the trial court as well.
The motion to abate is resisted on two grounds: First, that such action might prejudice proceedings said to be pending in the trial court on behalf of appellant's estate to recover costs laid out by her incident to the trial and appeal, as are recoverable under § 939.06, Florida Statutes, F.S.A., where defendant in a criminal prosecution is acquitted or discharged. Second, that abatement of the proceedings at this juncture operates to deprive the estate, relatives and friends of the deceased defendant of whatever comfort or benefits they might have derived from our decision. We are unable to agree with these contentions.
Our search has revealed no Florida precedent to guide us. While there is some conflict of authority in other jurisdictions as to the effect of death pending appeal on the question of the enforcement against the convicted defendant's estate of a fine imposed by the sentence, and on the question of such enforcement of a judgment for costs entered pursuant to statutory authority, no such issue is presented by this appeal or by the motion under discussion. Whatever proceedings are pending in the trial court at this time are independent of this appeal and not official before this court. Our conclusions therefore, are not determinative of any rights of appellant's estate under §§ 939.01, 939.02, Florida Statutes, F.S.A., or otherwise. A comprehensive annotation on the general subject is found in 96 A.L.R. 1322.
It is the general rule that death of the defendant pending appeal from a conviction in a prosecution for crime abates the appeal and we adhere to it. There is no logical reason for any distinction based on whether a decision on the appeal has or has not been filed with the clerk of this court, the proper criterion being whether it has become final and the mandate issued, so as to deprive this court of further jurisdiction on the appeal, whether our judicial labors have been terminated. As such is not the case on this appeal, the motion to abate is timely as to the proceedings in this court.
A more difficult problem arises as to whether this court should extend the abatement *791 to include the proceedings in the trial court. In a large majority of the cases reviewed the decisions do not indicate whether the criminal prosecution was abated ab initio, or only the appeal. However, the ratio decidendi of the great majority is that death pending final disposition of the case abates all proceedings ab initio. So strong is this principle that it has been applied, and we think quite correctly, to preclude the state from enforcing a judgment of the trial court, so far as it was entered for costs pursuant to statute. See: State v. Kriechbaum, 1934, 219 Iowa 457, 258 N.W. 110, 113, 96 A.L.R. 1317, and cases cited therein, in which it is said:
"In such a case there is no unsuccessful party; nor a successful one. Defendant's right of appeal inhered in the prosecution from the beginning. His right of appeal was as inviolable as any right of defense. Also his right of suspension of the judgment of the trial court until after the appeal has been heard. The judgment below could not become a verity until the appellant court made it so by an affirmance. If the appeal had been sustained, all the proceedings in the trial below would fall. The question of the defendant's guilt was therefore necessarily undetermined at the time of his death. If death abated the action, the question never could be determined * * *. We hold therefore that the death of the defendant abated the action as well as the mere appeal. To `abate' is to render non-existent. To say that the action was abated only in part, and reserved in part, would be contradictory to the very cause of the abatement. Death withdrew the defendant from the jurisdiction of the court. It left no apportionment of jurisdiction. The criminal action must therefore be deemed as abated in toto or not at all."
The obliterative effect of abatement ab initio necessarily leaves undetermined the question of the appellant's guilt. For whatever comfort or benefit derivable therefrom, the legal presumption of innocence of the crime with which she was charged abides now in no less degree than before the criminal proceedings were instituted. Jurisdiction to determine the issue of guilt or innocence is now assumed by the ultimate arbiter of human affairs. The decision we undertook to render is a nullity.
Motion to abate all proceedings on this appeal and in the court below is granted.
WIGGINTON, C.J., and CARROLL, DONALD, J., concur.