PER CURIAM.
Frederick Spiegel was found guilty by a jury on a charge of battery. He was sentenced to one year in prison. This appeal is from that judgment and sentence.
*1248 The record shows that the jury verdict is amply supported by evidence that Spiegel got into an altercation with one Ricardo Elorteque at a nightclub. As a result of the altercation, Spiegel struck Elorteque in the face with a wine glass causing severe lacerations and cuts to Elorteque’s face. Spiegel represented himself at the trial.[1]
Five points claiming reversible error have been presented. Spiegel makes his main thrust in his first point, which claims error because the trial judge admitted testimony concerning his attempt to settle “the entire controversy by the payment of $25,-000.” He urges that he was simply attempting to settle the civil claim arising out of the same facts and that there is nothing in the record to tie the proposed settlement in with a dropping of the criminal action. Indeed, Spiegel did so testify. Nevertheless, there is evidence in the record which indicates, that the attempt to settle was conditioned upon a dismissal by the State of the criminal charges against Spiegel and that the victim would receive his money only in event that end was accomplished. We hold that the testimony was relevant and that the conflict of whether it was an attempt to “buy out” the criminal proceedings was properly left to the jury. See Walker v. State, 152 Fla. 455, 13 So.2d 4 (1943); and 22A C.J.S. Criminal Law § 736 (1961). Cf. the principles of law in Vaccaro v. State, 152 Fla. 123, 11 So.2d 186 (1942); and Cortes v. State, 135 Fla. 589, 185 So. 323 (1938).
Additionally, appellant contends that the court committed reversible error when it failed to supply the jury with a “not guilty” verdict form, citing as authority Braley v. Gladden, 403 F.2d 858 (9th Cir. 1968).
We find no merit in that contention in view of the verdict forms which were submitted to the jury and the instruction of the court as to the submitted form to be used by the jury if they found the defendant was not guilty of the offense of aggravated battery with which he was charged or of the lesser included offense of battery. See Cundiff v. United States, 501 F.2d 188 (8th Cir. 1974). Three verdict forms were submitted. One was guilty of aggravated battery-; one was guilty of battery; and one, which was the not guilty form, was worded “as to aggravated battery, not guilty.”
After describing the verdict forms to be submitted, the court instructed the jury as follows:
“Only one of these verdict forms is to be returned and that is the verdict that you determine by your unanimous decision as being the verdict which is appropriate in this case.
“If you return the verdict of guilty, it should be for the highest offense which has been proved beyond a reasonable doubt. If you find that no offense has been proved then, obviously, the form of your verdict would be not guilty.”
That clear direction of the court for the jury to find the defendant “not guilty” if they should find no offense was proved, leaves no room to. conclude, as was done in Braley v. Gladden, supra, where a guilty verdict form was submitted and there was no “not guilty” form submitted, that such amounted to a comment by the court implying the view of the court as to the guilt of the accused.
Here, the court clearly told the jury that their verdict should be “not guilty” if they found no offense proved, and there was a “not guilty” verdict submitted although it recited reference to the charge of aggravated battery. The fact that the jury found the defendant guilty of the lesser offense shows the jury was aware of and followed the instructions of the court.
Appellant’s remaining points have been considered and none of them presents reversible error, nor is any of such import to require a discussion thereof.
Accordingly, the judgment and sentence are affirmed.

. Spiegel was at that time a member of The Florida Bar.