401 So.2d 819 (1981)
Charlie DAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. WW-56.
District Court of Appeal of Florida, First District.
April 10, 1981.
Rehearing Denied May 29, 1981.
*820 Lacy Mahon, Jr., of Mahon, Mahon & Farley, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., and Margie Starnes, Legal Intern, for appellee.
McCORD, Judge.
This appeal is from appellant's conviction of carrying a concealed firearm. He contends that the trial court erred in admitting into evidence testimony concerning an alleged attempted bribery made by appellant to the arresting officer, erred in denying appellant's request to recall the arresting officer for additional cross-examination prior to the closing of the State's case and erred in failing to give appellant's requested instruction on the penalty. We affirm.
The State presented evidence at the trial that, on November 4, 1979, appellant was arrested on an original charge of driving while intoxicated and running a red light; that arresting officer Wright, in the course of the arrest, was offered a $10 bribe by appellant prior to appellant being transported to the county jail; that when appellant was booked at the jail, a concealed firearm was discovered in his pocket. Appellant was initially charged with attempted bribery and with carrying a concealed firearm but an information was never filed on the attempted bribery charge. The charges of driving while intoxicated and running a red light were never filed. Appellant was placed on trial on the sole charge of carrying a concealed firearm in violation of § 790.01(2), Florida Statutes. At the trial, over appellant's objection, the State presented the testimony of Officer Wright concerning the alleged bribe, and the $10 bill was placed in evidence. Appellant argues that the admission of the evidence relating to the alleged bribe was reversible error in that it was irrelevant and was offered only to show bad character or propensity to commit a crime as proscribed by Williams v. State, 110 So.2d 654 (Fla. 1959). We disagree. This evidence was a part of the criminal episode. It was relevant for the jury's consideration as an indication *821 of guilty knowledge of appellant that he was carrying a concealed firearm which he knew would subsequently be discovered if he was taken to the jail. It would tend to show that the act charged was not the result of accident, mistake, or inadvertence. See Williams v. State, supra, page 661.
As to appellant's second point, in putting on its case, the State presented the testimony of Officer Wright and followed it with the testimony of Officer Clayton, who had discovered the gun on appellant at the jail. The court sustained the State's objection on the ground of hearsay when defense counsel inquired of Wright as to in which of appellant's pockets Clayton had told Wright he had found the gun. In this connection, the State in opening argument had advised the jury that Clayton would testify that he had removed the gun from appellant's right pocket. Defense counsel pointed out to the court that in a previous deposition Wright had testified that Clayton had informed him that he had removed the gun from appellant's left pocket. Thus appellant was attempting to elicit hearsay testimony of Officer Wright to impeach testimony which he considered Clayton would later give.[1] Clayton did subsequently testify that he removed the gun from appellant's right pocket. Defense counsel then sought to recall Wright prior to the close of the State's case in order to impeach the testimony of Officer Clayton on this point. The trial court refused to allow the recall, and appellant contends that such ruling was reversible error  that such ruling forced him to call Officer Wright after the State had rested and caused him to lose the right to make the opening and closing arguments by virtue of his having presented testimony other than his own. Florida Rule of Criminal Procedure 3.250. We find no abuse of discretion by the trial court. The rule does not bestow an unequivocal substantive right upon a defendant to have opening and closing arguments. The trial court is not required to exercise its discretion to allow or not allow recall by the defendant of a State's witness for further cross-examination in such way as to give the defendant the opening and closing arguments.
At the charge conference, defense counsel requested that the jury be instructed on penalties, as provided by Florida Rule of Criminal Procedure 3.390(a). The trial court denied the request, and defendant contends that such was reversible error. We disagree. The Supreme Court in Tascano (v. State), 393 So.2d 540 (Fla. 1980), ruled that pursuant to aforesaid Rule 3.390(a), it is mandatory that instruction be given on the maximum and minimum sentences which may be imposed upon defendant upon request being made therefor. Here, however, appellant did not preserve the point for review by objecting to the court's denial of the requested instruction. See Florida Rule of Criminal Procedure 3.390(d); Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980); and Bailey v. State, 393 So.2d 24 (Fla. 3d DCA 1981).
AFFIRMED.
LARRY G. SMITH, J. and LILES, WOODIE, A., (Retired) Associate Judge, concur.

ON PETITION FOR REHEARING
Petition for rehearing is denied. See Washington v. State, 392 So.2d 599 (Fla. 1st DCA 1981).
McCORD and LARRY G. SMITH, JJ., and LILES, WOODIE A., (Retired) Associate Judge, concur.
NOTES
[1] The trial court correctly sustained the objection, and no point is raised by appellant as to that ruling.