## STATE OF FLORIDA v. BAILEY
Case No. 83-1810-TT AO2 and 83-1815-TT AO2

Palm Beach County Court

May 18, 1983

### APPEARANCES OF COUNSEL

**Office of State Attorney for plaintiff.**

**Al Jackson,** Office of Public Defender, for defendant.

### OPINION OF THE COURT

JAMES T. CARLISLE, County Judge.

### *ORDER*

This is a motion for a new trial. The issue is whether I committed error by admitting into evidence during defendant's DWI trial a statement made by her to the arresting officer that she knew she had

had too much to drink but he should give her a break, because she was supposed to start DWI school in a few days.

I construe this statement as an attempt to avoid arrest by eliciting sympathy from the officer. As such, it was a blunder. Defendant contends it should not have been admitted in that it tends only to show a propensity to commit DWI, as prohibited by *Williams v. State,* 110 So.2d 654 (Fla.S.Ct. 1959).

Section 90.402 F.S. provides: "All relevant evidence is admissible, except as provided by law."

*Williams,* supra, is a rule of inclusion, not exclusion. The Supreme Court held that relevancy is the test, and evidence should be admitted if relevant for any purpose, save that of showing bad character or propensity. Evidence which tends to establish the crime charged is not inadmissible merely because it points to another crime. Only that evidence which tends to show the accused has committed other crimes wholly independent of the crime charge is irrelevant and, therefore, inadmissible, *Ashley v. State,* 265 So.2d 685 (Fla.S.Ct. 1972).

Actions of an accused after the commission of a crime or arrest, such as flight, disguise, concealment of evidence, threats against witnesses or arresting officers, attempts to bribe witnesses or arresting officers, are admissible to show a consciousness of guilt, 23 Fla.Jur. 2d Evidence, Sections 146 et seq. This is true even if those actions are in themselves crimes or point to the commission of other crimes.

For example, *Straight v. State,* 397 So.2d 903 (S.Ct 1981), was an appeal of a death sentence. Straight was charged with the murder of one Stone. Evidence was admitted that Straight fled as police officers approached him in California and attempted to avoid arrest by shooting at the officers.

"When a suspected person in any manner attempts to escape or evade a threatened prosecution by flight, concealment, resistance to lawful arrest, or other indications after the fact of a desire to evade prosecutions, such fact is admissible, being relevant to the consciousness of guilt which may be inferred from such circumstances." *State v. Young,* 217 So.2d 567 (Fla. 1968) cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed 2d 101 (1969); *Daniels v. State,* 108 So.2d 755 (Fla. 1959); *Blackwell v. State,* 79 Fla. 709, 86 So.2d 224 (1920).

"We hold that the evidence of appellant's flight from police and use of his gun was relevant to the issue of his guilty knowledge and thereby to the issue of guilt. Appellant was willing to use at least the threat of deadly force to try to avoid arrest. This is probative of his mental state at the time. The depositions were properly admitted."

I am sure shooting at police officers is a crime, even in California.

*Macowitz v. State,* 114 So.2d 684 (Fla. S.Ct 1959), involved a prosecution for killing a police officer. The officer was killed at the Balmoral Hotel. Evidence was admitted that Macowitz had robbed some guests at the Fontainbleu Hotel five days prior. Macowitz had made a statement to a cellmate that when the deceased police officer confronted him at the Balmoral Hotel he thought he was suspected of the Fontainbleu robbery. In finding the evidence of the Fontainbleu robbery to be admissible in the death of the police officer, the Supreme Court quoted from *Williams,* supra, which had only recently been decided, as follows:

"Our view of the proper rule is that *relevant* evidence will not be excluded *merely* because it relates to similar facts which point to the commission of a separate crime. The test of admissibility is relevance. The test of inadmissibility is lack of relevance." (Emphasis the Court's.)

Counsel for Macowitz conceded the propriety of the admission of evidence that Macowitz later escaped from the Dade County Jail.

". . . and rightly so, since it is well settled that evidence that a suspected person in any manner endeavors to escape or evade a threatened prosecution, by flight, concealment, resistance to lawful arrest, or other ex post facto indications of a desire to evade prosecution is admissible against the accused, relevance of such evidence being based on the consciousness of guilt inferred from such actions." Supra, at 689.

*Sireci v. State,* 399 So.2d 964 (Fla. S.Ct 1981), was also an appeal from a death sentence. Sireci was convicted of first degree murder of one Poteet. A cellmate was permitted to testify concerning an attempt by Sireci to have Wilson, his brother-in-law, killed to prevent Wilson from testifying.

In ruling this evidence was admissible, the Supreme Court held as follows:

"Evidence that a suspected person in any manner endeavors to evade a threatened prosecution by any ex post facto indication of a desire to evade prosecution is admissible against the accused where the relevance of such evidence is based on consciousness of guilt inferred from such actions. *"Mackiewicz v. State,* 114 So.2d 684 (Fla. 1959), cert denied, 362 U.S. 965, 80 S.Ct 883, 4 L.Ed 879 (1960). A defendant's attempt to intimidate a state witness is relevant and admissible. *Vaccaro v. State,* 152 Fla. 123, 11 So.2d 186 (Fla. 1942); *Robertson v. State,* 40 Fla. 509, 24 So. 474 (1898).

44

"It is axiomatic that evidence of another crime is admissible if it casts light on the character of the act under investigation by showing either motive, intent, absence of mistake, common scheme, identity, or a system or general pattern of criminality, so that the evidence of such other crime would have a relevant or material bearing upon some essential aspect of the offense being tried. *Ashley v. State,* 265 So.2d 685 (Fla. 1972); *Williams v. State,* 110 So.2d 654 (Fla.) cert denied, 361 U.S. 847, 80 S.Ct. 103, 4 L.Ed 2d 86 (1959). The test for determining whether a defendant's prior crimes are admissible is relevancy, and as long as the evidence of other crimes is relevant for any purpose, the fact that it is prejudicial does not make it inadmissible. *Ashley v. State,* supra."

In *Dawson v. State,* 401 So.2d 819 (1DCA 1981), Dawson was charged with carrying a concealed firearm. The State presented evidence that he was originally arrested for driving while intoxicated, that he offered the arresting officer a $10.00 bribe prior to being transported to the county jail, and that when he was booked at the jail a concealed firearm was discovered in his pocket. Dawson was formally charged only with the concealed firearm. He argued that the admission of the evidence relating to the bribe was error in that it was irrelevant, and was offered only to show bad character or propensity to commit a crime. The First District held the evidence was relevant and, therefore, admissible as showing guilty knowledge of the concealed firearm.

In this case, defendant, however ineptly, attempted to avoid arrest by arousing the officer's sympathy. In doing so, she admitted she had had too much to drink, but asked that he give her a break because she was at that time scheduled to attend the DWI school. The situation is no different than if she asked the officer not to arrest her because she was, at that time, on probation for a felony. It is, therefore:

ORDERED AND ADJUDGED defendant's motion for a new trial be and the same is hereby denied.