652 So.2d 1294 (1995)
Michael Renardo CLEMENTS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-4126.
District Court of Appeal of Florida, First District.
April 24, 1995.
Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
*1295 Robert A. Butterworth, Atty. Gen., Daniel David, Asst. Atty. Gen., Tallahassee, for appellee.

CORRECTED OPINION ON MOTION FOR CERTIFICATION OF QUESTION TO THE FLORIDA SUPREME COURT
PER CURIAM.
Appellant's conviction for possession of cocaine was affirmed per curiam by this court in an opinion filed January 30, 1995. On February 10, 1995, before expiration of the time for filing a motion for rehearing, counsel for appellant filed a motion for abatement of this appeal ab initio on the ground that appellant had died. See, Williams v. State, 648 So.2d 313 (Fla. 1st DCA 1995); Bagley v. State, 122 So.2d 789 (Fla. 1st DCA 1960). A subsequently filed death certificate indicates that appellant was found dead on February 1, 1995. In response, the state acknowledges the line of cases from this court entitling appellant to the relief requested, but represents that the Florida Supreme Court, in a recent case under similar circumstances, denied a motion to abate appeal ab initio and instead dismissed the appeal, Rodriguez v. State, 645 So.2d 454 (Fla. 1994), and moves this court to certify the question presented here and in Williams to the Supreme Court of Florida.
Accordingly, pursuant to Williams, we abate ab initio this appeal and the underlying prosecution against appellant and certify the following question to the Florida Supreme Court as a question of great public importance:
DOES THE DEATH OF A CRIMINAL DEFENDANT AFTER JUDGMENT AND SENTENCE, BUT DURING THE PENDENCY OF THE APPEAL THEREFROM, REQUIRE THE PROSECUTION TO BE PERMANENTLY ABATED AB INITIO IN THE TRIAL AND APPELLATE COURTS?
BOOTH, MICKLE and VAN NORTWICK, JJ., concur.