668 So.2d 980 (1996)
STATE of Florida, Petitioner,
v.
Michael Renardo CLEMENTS, Respondent.
STATE of Florida, Petitioner,
v.
Marjorie Elizabeth THOMAS, Respondent.
Nos. 85414, 85786.
Supreme Court of Florida.
February 29, 1996.
*981 Robert A. Butterworth, Attorney General; and James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals and Daniel A. David and Douglas Gurnic, Assistant Attorneys General, Tallahassee, for Petitioner.
Nancy A. Daniels, Public Defender; and P. Douglas Brinkmeyer, Assistant Public Defender, Chief, Appellate Intake Division and Glen P. Gifford, Assistant Public Defender, Second Judicial Circuit, Tallahassee, on behalf of Michael Renardo Clements and Marjorie Elizabeth Thomas, Deceased, for Respondents.
WELLS, Justice.
We have for review two decisions presenting the following question certified to be of great public importance:
DOES THE DEATH OF A CRIMINAL DEFENDANT AFTER JUDGMENT AND SENTENCE, BUT DURING THE PENDENCY OF THE APPEAL THEREFROM, REQUIRE THE PROSECUTION TO BE PERMANENTLY ABATED AB INITIO IN THE TRIAL AND APPELLATE COURTS?
Clements v. State, 652 So.2d 1294 (Fla. 1st DCA 1995); Thomas v. State, 654 So.2d 635 (Fla. 1st DCA 1995). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and we answer the question in the negative.
The respondents in these consolidated cases both died while their appeals were pending. Michael Renardo Clements died after his conviction and sentence for possession of cocaine was per curiam affirmed on appeal but before the time for filing a motion for rehearing had run. Clements, 652 So.2d at 1295. Marjorie Elizabeth Thomas died while appealing a new restitution schedule imposed on her by the trial court after the First District Court of Appeal found improper the revocation of her probation for nonpayment of restitution. See Thomas v. State, 635 So.2d 1009 (Fla. 1st DCA 1994). Counsel for each respondent filed a motion for abatement ab initio in the First District. The court granted the motions in both cases in light of its previous decisions in Williams v. State, 648 So.2d 313 (Fla. 1st DCA 1995), and Bagley v. State, 122 So.2d 789 (Fla. 1st DCA 1960).[1] The court, however, certified the question presented here based on our order in Rodriguez v. State, 645 So.2d 454 (Fla. 1994). Clements, 652 So.2d at 1295; Thomas, 654 So.2d at 635.
In Rodriguez, we denied the appellant's motion to abate appeal ab initio and ordered the notice of appeal dismissed. Consistent with Rodriguez, we hold that upon the death of a criminal defendant, the appeal of a conviction may be dismissed but is not to be abated ab initio. We reject the decision in Bagley v. State, 122 So.2d 789 (Fla. 1st DCA 1960), in which the court found that abatement ab initio was proper primarily because it left in effect upon the defendant's death the legal presumption of innocence. This Court has stated that the presumption of innocence ceases "upon the adjudication of guilt and the entry of sentence." Vaccaro v. State, 152 Fla. 123, 126, 11 So.2d 186, 187 (1942). Furthermore, we have held that a judgment of conviction comes for review with a presumption in favor of its regularity or correctness. Id. at 126, 11 So.2d at 188. Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982). We therefore conclude, contrary to Bagley, that the death of the defendant does not extinguish a presumably *982 correct conviction and restore the presumption of innocence which the conviction overcame.
In addition to holding that a judgment of conviction is retained when the defendant dies pending resolution of his or her appeal, we hold that the sentence imposed against the defendant continues to be effective. Thus, monetary fines or penalties continue to be enforceable against assets which comprise a defendant's estate. We believe that this is the proper policy because it precludes the defendant's estate from having the financial benefit of assets which the court, by imposing a sentence, indicated should be forfeited to the State as a result of the defendant's conviction.
We do point out, however, that depending on the particular circumstances of a case, the interests of the defendant's estate or the State may best be served by completion of the deceased defendant's appeal. See Nelson v. State, 490 So.2d 32, 33 n. 1 (Fla. 1986). Certainly, if fines or penalties are to be enforced against the defendant's estate, the estate maintains the same right to appeal that the defendant would have had if living. Likewise, the State may have an interest in seeing the appeal completed. Accordingly, we find that when a defendant dies after judgment but during an appeal, the appellate court may, upon a showing of good cause by the State or a representative of the defendant, determine that the appeal should proceed. If good cause to proceed is not demonstrated, then the appeal should be dismissed. We therefore hold that the convictions and sentences of Clements and Thomas are not to be abated ab initio, and we remand to the district court for further proceedings in accord with this decision.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Other district courts have also found that abatement ab initio is proper where a defendant dies pending resolution of his or her appeal. See Carstens v. State, 638 So.2d 630 (Fla. 4th DCA 1994); Jackson v. State, 559 So.2d 320 (Fla. 3d DCA 1990); Kearns v. State, 536 So.2d 1187 (Fla. 5th DCA 1989); D.R. v. State, 541 So.2d 1202 (Fla. 2d DCA 1988); Parker v. State, 530 So.2d 1084 (Fla. 3d DCA 1988); Cruz v. State, 137 So.2d 254 (Fla. 2d DCA 1962).