DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE SANTANA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4325

[May 11, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Robinson, Judge; L.T. Case No. 09-005565 CF10A.

Gary S. Ostrow of The Law Office of Gary S. Ostrow, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Jose Santana appealed his conviction and sentence for trafficking in a controlled substance. Of his five issues raised,[1] we write to address only Appellant's claim that the State failed to properly lay the foundation for audio recordings of conversations between Appellant and a confidential informant. We conclude that Appellant is correct in this argument and reverse. Because Appellant is deceased and this appeal is proceeding under *State v. Clements*, 668 So. 2d 980 (Fla. 1996), the reversal on this one issue requires a dismissal of the charge against Appellant, which renders the other issues raised moot.

## BACKGROUND

---

[1] Appellant claims that (1) he was objectively entrapped; (2) he was subjectively entrapped; (3) the jury delivered inconsistent verdicts; (4) the trial court erred in various ways by admitting audio recordings of Appellant; and (5) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

Appellant was charged with trafficking in ecstasy based upon his sale of the drug to an undercover officer. He claimed that he was entrapped by a confidential informant attempting to reduce the sentence for his own drug offenses by working with a drug enforcement agent. At the behest of a drug enforcement agent, the confidential informant recorded telephone calls between himself and Appellant setting up the drug deal. The agent did not monitor these phone calls, and the confidential informant provided the recordings to the agent only after the conclusion of the transaction. At trial, the agent could not testify that the audio tape of the recorded conversations were true representations of what was actually said. They were admitted at trial over Appellant's objection that the tapes had not been properly authenticated.

**ANALYSIS**

"Authentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." § 90.901, Fla. Stat. (2014). With regards to the admission of audio recordings, "there [is] no specific list of requirements" to determine compliance with section 90.901. *Justus v. State*, 438 So. 2d 358, 365 (Fla. 1983). However, the authentication should be made by the technician who operated the recording device or a person with knowledge of the conversation that was recorded. *See* Charles W. Ehrhardt, *Florida Evidence* § 401.4 (2015 ed.).

Here, no such authentication evidence was introduced. Although the State did introduce testimony supporting the identity of the speakers on the recording, it did not introduce evidence that the recording was a fair and accurate representation of the conversation that occurred. The confidential informant did not testify, the law enforcement officials who testified were not participants in or listening to the conversations as they occurred, and the State did not ask Appellant whether the recordings were accurate despite the fact that Appellant testified on his own behalf. The introduction of the recordings without this foundation was an abuse of discretion.

The State alternatively argues that this error was harmless. It is noteworthy that the jury in this case requested to listen to one of the recordings again during their deliberations. The recorded conversations between Appellant and the confidential informant that were played for the jury could very well have contributed to the jury's determination that Appellant was not in fact entrapped. Thus, the state has not met its

burden of "prov[ing] beyond a reasonable doubt that the error complained of did not contribute to the verdict." *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

## CONCLUSION

We therefore hold that the trial court abused its discretion in admitting the recordings of Appellant and the confidential informant when no foundation was laid as to the accuracy of the recordings. Under normal circumstances, we would proceed to analyze the other issues raised and likely remand for a new trial. However, because Appellant passed during the pendency of this appeal, there is no possibility of a new trial. Instead, we remand for the trial court to dismiss the charge against Appellant and to vacate his sentence, including the civil lien that was the *Clements* foundation for this appeal.

*Reversed.*

WARNER and CONNER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3