GERBER, J.
The defendant appeals from his convictions for assault as a lesser included offense of strong arm robbery, and battery as a lesser included offense of false imprisonment. He argues that the trial court erred in overruling his hearsay objection to the responding officer’s testimony recounting the victim’s and the victim’s friend’s descriptions of the defendant on the night of the incident, which testimony corroborated the victim’s and the victim’s friend’s trial testimony describing the defendant on the night of the incident. We conclude the court erred in overruling the defendant’s hearsay objection. However, we conclude the error was harmless because before the error occurred, the defendant indicated his defense was not mis-identification. Therefore, we affirm.
We present this opinion in the following order:
1. The trial testimony;
2. The issues on appeal:
a. The court’s error in overruling the defendant’s hearsay objection;
b. Why the court’s error was harmless.

1. The Trial Testimony

The victim testified at trial as follows. He was at a club with some friends when he was approached by three men. He described to the jury each man’s distinct appearance. One of the men, who identified himself as a club manager, accused the victim of selling drugs at the club. The manager told the victim to follow him and the other men to a back room. When they got to the back room, the manager told the victim to empty his pockets. The victim removed his cellphone and wallet containing cash. The manager then directed the defendant to search the victim. The defendant held the victim against the *435 wall and searched him. Meanwhile, the manager took the cash from the victim’s wallet. The manager then directed the defendant to kick the victim out of the club. The defendant pushed the victim through the crowd and out a side door. The victim’s friends came outside and they called the police. Later, after the police arrived, the victim saw the defendant handcuffed in a police car. However, at trial, the victim was unable to identify the defendant in the courtroom.
The victim’s friend testified at trial as follows. He saw the three men take the victim to the back room. His description of the three men corroborated the victim’s description. He was not asked to identify the defendant in the courtroom.
One of the responding officers testified at trial as follows. When he arrived at the club, he spoke to the victim and the victim’s friend, and determined that a possible robbery occurred. He got descriptions of the suspects from the victim and the victim’s friend. The state asked the officer what those descriptions were. The defendant objected that the question called for hearsay. The court overruled the objection. The officer recounted the victim’s and the victim’s friend’s descriptions of the suspects, which descriptions corroborated their trial testimony describing the three men. After the police took the manager and the defendant into custody, the victim identified the defendant to the officer. The officer identified the defendant in the courtroom.
The jury found the defendant guilty of assault as a lesser included offense of strong arm robbery, and guilty of battery as a lesser included offense of false imprisonment.

2. The Issues on Appeal

This appeal followed. The defendant argues that the trial court erred in overruling his hearsay objection to the responding officer’s testimony recounting the victim’s and the victim’s friend’s descriptions of the defendant on the night of the incident, which testimony corroborated the victim’s and the victim’s friend’s trial testimony describing the defendant on the night of the incident.
We review the trial court’s decision to admit the detective’s testimony for an abuse of discretion, limited by the rules of evidence. See Allen v. State, 137 So.3d 946, 956 (Fla.2013) (on a hearsay issue, an appellate court “reviews a trial court’s decision to admit evidence under an abuse of discretion standard. The trial court’s discretion is not unfettered, but is limited by the rules of evidence.”) (internal citations and quotation marks omitted).
We conclude that the court erred in overruling the defendant’s hearsay objection. However, we conclude the error was harmless because before the error occurred, the defendant indicated his defense was not misidentification. We address our conclusions in turn.
a. The Court’s Error in Overruling the Defendant’s Hearsay Objection
The court erred in overruling the defendant’s hearsay objection for three reasons.
First, the responding officer’s testimony recounting the victim’s and the victim’s friend’s descriptions of the defendant was hearsay because it was offered to prove the truth of the matter asserted — that, the defendant was one of the men who participated in the incident. See § 90.801(l)(c), Fla. Stat. (2015) (“ ‘Hearsay’ is a statement, other than one made by the declar-ant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”).
Second, the victim’s and the victim’s friend’s descriptions of the defendant as *436 the one of the men who participated in the incident, as the responding officer's testimony recounted, do not qualify as non-hearsay “statements of identification” under section 90.801(2)(c), Florida Statutes (2015) (“A-statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is ;.. [o]ne of identification of a person made after perceiving the person.”). See Puryear v. State, 810 So.2d 901, 904 (Fla.2002) (“[A] description is not an identification. An ‘identification of a person [made] after perceiving [the person],’ [under] subsection 90.801(2)(c), is a designation or reference to a particular person or his or her photograph and a statement that the person identified is the same as the person previously perceived.”) (citation omitted).
Third, no hearsay exception exists for the responding officer’s testimony recounting the victim’s and the victim’s friend’s descriptions of the defendant. We note the state properly does not seek to offer any exception.
6, Why the Court’s Error was Harmless
The court’s error in overruling the defendant’s hearsay objection to the responding officer’s testimony was harmless because before the error occurred, the defendant indicated his defense was not mis-identification.
After the state’s opening statement summarized the evidence which it expected to hear from the victim and the victim’s friend regarding the defendant’s participation in the incident, the defendant’s opening statement did not claim that the victim and the victim’s friend misidentified him.
Instead, the defendant’s opening statement conceded that he participated in the incident as the manager’s personal security guard, and that his participation was limited to searching the victim for drugs— “not money, not a wallet, not a phone ... he’s looking for drugs.”
If the defendant had claimed misidentifi-cation, then the responding officer’s testimony, recounting the victim’s and the victim’s friend’s descriptions of the defendant on the night of the incident, would have bolstered the state’s case by corroborating the victim’s and the victim’s friend’s trial testimony describing the defendant on the night of the incident. Thus, the error would have been harmful to the defendant. See Puryear v. State, 820 So.2d 359, 360 (Fla. 4th DCA 2002) (where section 90.801(2)(c) did not authorize the admission of the victim’s hearsay statement describing her assailant, and the case was close on the issue of identification, the admission of the victim’s hearsay statement was harmful error).
However, because the defendant did not claim misidentification, but instead conceded that he participated in the incident, the responding officer’s testimony, recounting the victim’s and the victim’s friend’s descriptions of the defendant on the night of the incident, did not contribute to the verdict. Thus, the error was harmless. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986) (“The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction”) (citation omitted); Sutton v. State, 909 So.2d 292, 296 (Fla. 3d DCA 2004) (error in overruling a defense objection to hearsay testimony, describing the defendant shortly after the date of the crime, was harmless beyond a reasonable doubt, in part because the defendant’s main defense was alibi and he took the position that his physical appearance was totally irrelevant).

*437
Conclusion

Based on the foregoing, we affirm the defendant’s convictions for assault as a lesser included offense of strong arm robbery, and battery as a lesser included offense of false imprisonment.

Affirmed.

CONNER and KLINGENSMITH, JJ, concur.