# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-877
_____

STATE OF FLORIDA,

    Appellant,

    v.

NATHANIEL F. GREEN,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

October 2, 2018

BILBREY, J.

The State appeals the trial court's denial of the State's petition to prohibit harassment, filed under section 914.24, Florida Statutes, where the petition was filed in the criminal case after the death of the defendant. The trial court denied the petition due to the expiration of the court's jurisdiction upon the abatement of the criminal proceedings following the defendant's death. Under the circumstances of this case, the trial court's determination that it lacked jurisdiction was correct, and we affirm.

We review de novo the issue of whether a trial court's jurisdiction expired or was divested. *Rogers v. State*, 33 So. 3d 805, 806 (Fla. 1st DCA 2010).

The felony proceedings in this case commenced on November 18, 2015, with the State's filing of an information charging Mr. Green with various offenses including sexual assault allegedly committed on October 31, 2015. Mr. Green died on February 4, 2017, prior to any trial or determination of guilt. The State filed its notice of abatement of prosecution the following day, asserting that the court had lost jurisdiction due to the defendant's death and that the case should be closed.

On February 7, 2017, on a motion filed by the State in the criminal case, the trial court entered an *ex parte* temporary restraining order pursuant to section 914.24(1) against Rebecca W. Green, the mother of Mr. Green. The order directed Ms. Green, who was not a party to the criminal action, to remove from social media a post identifying an alleged victim of sexual assault who reported the offenses to law enforcement in 2015. The trial court prohibited Ms. Green from any further posts pertaining to the case or the alleged victim, and the court then set the matter for final hearing within 10 days, pursuant to section 914.24(1)(b)3.

Counsel for Ms. Green moved to dissolve the restraining order due to the abatement of the criminal case upon the death of the defendant and resulting expiration of the trial court's jurisdiction. In response, the State filed its petition for a protective order to restrain harassment of a victim or witness, under section 914.24(2). The State alleged that Ms. Green had violated section 794.03, Florida Statutes, by publishing the name of the victim of a sexual offense.

After argument of counsel on the motion to dissolve and the State's petition, the trial court dissolved the temporary restraining order against the mother and denied the State's petition. The court denied the State's petition for lack of jurisdiction in the criminal case due to the death of the defendant.

No Florida case has been located which directly addresses this issue. In *Bagley v. State*, 122 So. 2d 789, 790 (Fla. 1st DCA 1960), we held that the death of defendant pending appeal of conviction abates the action *ab initio*. However, *Bagley* was modified by *State v. Clements*, 668 So. 2d 980, 981 (Fla. 1996),

2

where the Florida Supreme Court rejected the *ab initio* rule when monetary penalties were imposed, but nonetheless held that the pending appeal should be dismissed on the death of the defendant.[1]

Unlike *Clements*, and other cases where a party dies during the pendency of a direct appeal, here the defendant died prior to any conviction or other determination of guilt. Accordingly, the abatement of the case rendered the case non-existent and "death withdrew the defendant from the jurisdiction of the court." *Bagley*, 122 So. 2d at 791 (citation omitted).[2] [3]

Section 914.24 does not extend or preserve the trial court's jurisdiction in the criminal prosecution against Mr. Green under the circumstances of this case. Because the trial court correctly denied the State's petition in this criminal case due to the

---

[1] Even where monetary penalties were imposed, we have dismissed appeals as moot where the State has represented that it will not attempt to collect from the deceased defendant's estate. *See Bostic v. State*, 708 So. 2d 695 (Fla. 1st DCA 1998).

[2] The absence of any determination of guilt prior to the abatement also leaves intact "the legal presumption of innocence of the crime with which [he] was charged . . . in no less degree than before the criminal proceedings were instituted." *Bagley v. State*, 122 So. 2d 789, 791 (Fla. 1st DCA 1960), *modified by State v. Clements*, 668 So. 2d 980 (Fla. 1996).

[3] "The purpose of the abatement rule is to protect the deceased defendant from being branded a felon without his conviction having become final." *United States v. One Parcel of Real Estate at 10380 SW 28th Street, Miami, FL*, 214 F.3d 1291, 1294 (11th Cir. 2000) (discussing viability of civil forfeiture of real property where owner died during pendency of appeal). Because no conviction occurred prior to the death of the defendant in this case, the State was correct to notice the abatement of the prosecution and termination of the court's jurisdiction.

3

termination of its jurisdiction, any remedy which the State or the alleged victim wishes to pursue against Ms. Green must be in a separate proceeding. The abatement of the criminal case does not preclude the circuit court from considering a petition filed by the state attorney under section 914.24, Florida Statutes, in a *separate action* because the statute provides an independent basis of jurisdiction (and a supplemental grant of authority[4]) for the circuit court to enter an order protecting a crime victim from harassment, whether the harassment occurs during the pendency of the criminal case or thereafter.

AFFIRMED.

WETHERELL and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––––

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellant.

Robert A. Morris, Tallahassee, for Appellee.

---

[4] *See* § 914.24(4), Fla. Stat. ("Nothing in this section precludes the court from entering any other order or remedy that may be appropriate under the circumstances.").