# Third District Court of Appeal
## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1174
Lower Tribunal No. F18-12209
_____

**Fernando Garlobo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Carlos J. Martinez, Public Defender and John Eddy Morrison, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General and Ivy R. Ginsberg, Senior Assistant Attorney General, for appellee.

Before LOGUE, C.J., and LINDSEY and GORDO, JJ.

GORDO, J.

Fernando Garlobo ("Garlobo") appeals from a final judgment of conviction and sentence for trespass, attempted second degree murder and attempted manslaughter. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A); 9.140(b)(1)(A). We affirm.[1]

On appeal, Garlobo argues the trial court erred in admitting, over his objections, several photographs with accompanying written statements.

During their investigation, police officers asked witnesses to the crime to identify Garlobo from a photograph. The photographs were admitted into evidence along with statements, written on each photograph, identifying Garlobo as the offender and describing the incident. While Garlobo concedes those portions of the written statements identifying him are admissible as statements of identification, he argues the following statements are inadmissible hearsay statements containing descriptions or accusatory narratives: (1) "He came into my brother's home without permission with a firearm"; (2) "Today he came into my house without permission with a firearm and a yellow pullover"; and (3) "Today he came into my house without permission. He had to have—he had to have jumped

---

[1] Garlobo raises three issues on appeal. We affirm the first and second issues without further discussion and write solely to address the third issue.

the fence.  The automatic fence.  Once I saw him with a firearm [illegible writing]."

"Hearsay is generally inadmissible for three reasons: (1) the declarant does not testify under oath; (2) the trier of fact cannot observe the declarant's demeanor; and (3) the declarant is not subject to cross-examination."  Banks v. State, 790 So. 2d 1094, 1097 (Fla. 2001).  "However, merely because a statement is not admissible for one purpose does not mean that it is inadmissible for another."  Id.  Section 90.801(2)(c) provides a hearsay exception for statements of identification: "A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is . . . [o]ne of identification of a person made after perceiving the person."  § 90.801(2)(c).  "Florida courts have limited the scope of section 90.801(2)(c) to exclude statements containing descriptions or accusatory narratives."  Ellison v. State, 271 So. 3d 1045, 1049 (Fla. 4th DCA 2019) (quotation omitted); see also Puryear v. State, 810 So. 2d 901, 903 (Fla. 2002) (stating "a description is not an identification"); Smith v. State, 880 So. 2d 730, 740 (Fla. 2d DCA 2004) ("[A]ccusatory statements in the form of a narrative are not admissible into evidence pursuant to section 90.801(2)(c).").

3

We agree with Garlobo that the trial court erroneously admitted the challenged statements as they are clearly accusatory, narrative and descriptive, going beyond that of identification. We find, however, the error was harmless beyond a reasonable doubt because the statements were merely cumulative of the witnesses' properly admitted testimony at trial. Each witness testified to the events that occurred on the night in question and was subject to cross-examination. Their written statements are corroborative of such testimony. Accordingly, we are compelled to affirm. See Erickson v. State, 565 So. 2d 328, 334-35 (Fla. 4th DCA 1990) ("It is well settled that even incorrectly admitted evidence is deemed harmless and may not be grounds for reversal when it is essentially the same as or merely corroborative of other properly considered testimony at trial. An error resulting from the admission of evidence at trial is harmless if, upon review of the record, it can be concluded beyond a reasonable doubt that there is no reasonable possibility that the erroneous admission of evidence affected the verdict."); Torres-Arboledo v. State, 524 So. 2d 403, 408 (Fla. 1988) (holding the improper admission of hearsay statements was harmless error where the statements were cumulative of other properly admitted testimony).

Affirmed.