## THEODORE STANISICS v. STATE OF NEBRASKA.

FILED NOVEMBER 28, 1911.  No. 17,059.

ERROR to the district court for Lancaster county: EDWARD J. CORNISH, JUDGE. Opinion on application for conditional order of revivor. *Application denied.*

*E. P. Holmes* and *G. L. DeLacy*, for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

PER CURIAM.

Theodore Stanisics, after being convicted of the crime of arson, sentenced to seven years' imprisonment in the penitentiary, and adjudged to pay the costs of prosecution, appealed to this court. Pending the appeal Stanisics departed this life, and the administrator of his estate moves to revive the cause in the administrator's name, to the end that he may contest the validity of the conviction and thereby relieve the estate of his decedent from any liability to pay those costs.

Section XV of the Bill of Rights provides, among other things, that "no conviction shall work corruption of blood or forfeiture of estate." The judgment of conviction, therefore, will not prevent the convicted man's legal representatives from succeeding to his property rights, and they are not prejudiced by the judgment, except in so far as it may impose a liability on the dead man's estate to pay the costs of prosecution and of the appeal. This fact was held sufficient in *State v. Ellvin,* 51 Kan. 784, to authorize a revivor in the name of the representatives of a deceased convict.

This case, so far as we are advised, stands alone, and is in conflict with many other cases where the principles of law involved in the Kansas case were considered. In the well-considered case of *O'Sullivan v. People,* 144 Ill. 604, 20 L. R. A. 143, the subject is clearly and exhaustively discussed, and the conclusion is announced that the convict's death abated the appeal.

The real issue in a criminal prosecution is the defendant's guilt or innocence. A judgment for costs following a conviction is but an incident to the judgment of conviction. If the judgment of conviction cannot be

reviewed, the incident cannot be considered. *State v. Martin*, 30 'Or. 108. The cases on this subject are collated in 12 Cyc. 825.

It will serve no good purpose to extend this opinion by further discussion. The appeal abated with the convict's death. The application for a conditional order of revivor is therefore

DENIED.