## LEVI YOTA v. STATE.

No. A-1691. Opinion Filed July 12, 1913.

(133 Pac. 257.)

**APPEAL—Death of Appellant—Abatement.** In a criminal prosecution, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death; and where it is made to appear to the court that a plaintiff in error has died, pending the determination of his appeal, the cause will be abated.

*Appeal from District Court, Latimer County;*
*W. H. Brown, Judge.*

Levi Yota was convicted of grand larceny, and brings error. Prosecution abated.

*Charles H. Hudson,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Levi Yota, was tried on an indictment by which he was charged with the theft of $123, the personal property of Sophia Carr; and on the 14th day of October, 1911, in accordance with the verdict of the jury, he was, by the court, sentenced to be imprisoned in the penitentiary for a term of eighteen months. To reverse the judgment an appeal was perfected by filing in this court on April 11, 1912, a petition in error with case-made.

Since the appeal was taken, and before the final submission of the cause, to wit, April 15, 1913, he departed this life, as shown by the affidavits of Ben Hoklotubbu and Silas Pusley, who depose and say that they personally knew and were well acquainted with the plaintiff in error, Levi Yota, for twenty years during his lifetime, and that he died at his home near Blanco, Pittsburg county, Okla., on said date. These affidavits are attached to and made a part of the suggestion of the death of the plaintiff in error, made by the Attorney General, and filed in this court on July 3, 1913.

In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death. It is therefore considered that the proceedings in this prosecution do abate.

It is so ordered.

ARMSTRONG, P. J., and FURMAN, J., concur.