## ALEX JEFFRIES v. STATE.

No. A-2225.   Opinion Filed March 20, 1915.

(146 Pac. 1086.)

**APPEAL—Abatement—Death.**   In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death; and, where ·it is made to appear to this court that ·a plaintiff in error has died, pending the determination of his appeal, the cause will be abated.

(Syllabus by the Court.)

*Appeal from District Court, Garvin County;*
*R. McMillan, Judge.*

Alex Jeffries, convicted of manslaughter in the first degree, appeals.   Order that proceedings abate.

*Wayne H. Lasater* and *B. W. Patterson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error was convicted of manslaughter in the first degree, and his punishment assessed at fifteen years in the penitentiary.   On the 8th day of September, 1913, he was duly sentenced, and was placed in the penitentiary to undergo said punishment.   This is the second appeal in this case.   See *Jeffries v. State,* 9 Okla. Cr. 573, 132 Pac. 823.

Since the appeal was taken, and before the final submission of the cause, suggestion of the death of plaintiff in error has been made, and the same called to the attention of the court by the Attorney General.

In a criminal action, the purpose of the proceedings being to punish the defendant in person, the action must necessarily abate upon his death.   *Yota v. State,* 10 Okla. Cr. 26, 133 Pac. 257; *High v. State, post,* 146 Pac. 1197.

It is therefore adjudged and ordered that all proceedings in this prosecution be abated. The record is remanded, with direction to the district court of Garvin county to enter its appropriate order to that effect.

FURMAN and ARMSTRONG, JJ., concur.