### STATE v. FREE*
#### (No. 1404; October 17, 1927; 260 Pac. 173)

CRIMINAL LAW — ABATEMENT OF PROCEEDINGS BY DEFENDANT'S DEATH.

1. In absence of statute to contrary, all proceedings abate on death of defendant pending appeal from conviction, whether punishment consists of imprisonment, fine, or both.

*See Headnote:   (1) 17 C. J. p. 94 n. 41.

APPEAL from District Court, Niobrara County; C. O. BROWN, Judge.

Frank Free was convicted of violating the prohibition law, and he appeals. Heard on motion by Attorney General to abate proceedings on account of the death of appellant.

*William O. Wilson,* Attorney General and *James A. Greenwood,* Deputy Attorney General, for the motion.

Death abates all proceedings under the judgment. State v. Furth, (Wash.) 144 Pac. 907; Boyd v. State, 108 Pac. 431; People v. St. Maurice, 135 Pac. 952; Mickle v. State, 115 Pac. 628; O'Sullivan v. People, 32 N. E. 19.

*Per Curiam:*

Frank Free was convicted on April 12, 1926 for violating the prohibition law, and was sentenced to pay a fine of $250 and costs and to be committed to the county jail for the period of thirty days. From this judgment he appeals. While the appeal was pending and awaiting decision before this court, the defendant died, and his death has been suggested to the court with the request that it make an appropriate order in the premises. It is well established that in the absence of a statute expressing the contrary—and we have no such statute—all proceedings in the matter abate. 17 C. J. 94, sec. 3361. This is true whether the punishment consists of imprisonment or a fine, or of both. In the case

of State v. Furth, 82 Wash. 655, 144 Pac. 907, in which case a fine was assessed against the defendant, the court said:

"The courts of the country, both state and federal, have, with marked unanimity, held that the death of the defendant in a criminal case pending appeal, in the absence of a statute expressing the contrary, permanently abates the action and all proceedings under the judgment. They make no distinction between a sentence of imprisonment and the imposition of a fine. The underlying principle is that the object of all criminal punishment is to punish the one who committed the crime or offense, and not to punish those under whom his estate is cast by operation of law or otherwise."

See also Boyd v. State, 3 Okla. Cr. 684, 108 Pac. 431, and People v. St. Maurice, 166 Cal. 201, 135 Pac. 952, and cases cited.

It is accordingly adjudged that all proceedings in the above entitled cause, and the judgment therein rendered, have permanently abated, and that the trial court enter its appropriate order to that effect.