STATE, Respondent, v. GUFFEY, Appellant.

(216 N. W. 860.)

(File No. 6428. Opinion filed December 20, 1927.)

*Robert C. Hayes* and *John T. Heffron,* both of Deadwood, for Appellant.

*Buell F. Jones,* Attorney General, and *H. A. Linstrom,* Assistant Attorney General, for the State.

CAMPBELL, P. J. This matter is before us at this time pursuant to order to show cause why the appeal should not be dismissed.

The brief of appellant was filed in this court on September 2, 1927, and the conclusion thereof reads as follows:

"Since preparing the above brief, and before the printing was completed, information is received by phone from the hospital at Ft. Meade that Joshua A. Guffey had just died from gunshot wounds received at the hands of assailants who had attacked him with rifles in the vicinity of his cattle range.

"The judgment in this action is for some $2,300 costs. We deem it proper to print and submit this statement and brief, for the reason that, if the judgment is reversed, the judgment for costs will fall with it. The estate of Joshua Guffey may be permitted to substitute the administrator in the interests of the estate so far as the costs are concerned. The appeal was from the whole of said judgment, which would include the costs."

Thereafter, upon affidavit and certified copy of death certificate, pursuant to order to show cause, the Attorney General moved for the dismissal of the appeal upon the ground of the death of the defendant and appellant.

It is, of course, the general rule that the death of appellant pending appeal or writ of error in a criminal cause is ground for the dismissal, and we are of the opinion that any question as to costs is incidental only, and the fact that costs may be involved should not prevent the dismissal. Blackwell v. State, 185 Ind. 227, 113 N. E. 723; March v. State, 5 Tex. App. 450; O'Sullivan v. People, 144 Ill. 604, 32 N. E. 192, 20 L. R. A. 143; Yota v. State, 10 Okl. Cr. 26, 133 P. 257.

Whether the estate of Guffey is liable for the costs adjudged below is not before us, and we express no opinion thereon.

An order will be entered dismissing the appeal.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.