## CLELL HARDCASTLE v. STATE.

No. A-9614. Aug. 18, 1939.
(93 P. 2d 547.)

Billingsley & Kennerly, of Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was tried in the superior court of Seminole county upon an information charging that in said county, on or about the 25th day of December, 1936, he did kill and murder one Paul Coffey, by shooting him with a pistol. The jury by their verdict found him guilty of manslaughter in the first degree, and assessed his punishment at imprisonment in the state penitentiary for the term of seven years. From the judgment rendered on the 27th day of September, 1938, an appeal was perfected by filing in this court on March 27, 1939, a petition in error with case-made.

Since the appeal was taken, and before the final submission of the case, plaintiff in error departed this life as shown by the motion of his counsel of record, filed in this court August 14, 1939, averring that on the 28th day of July, 1939, the said Clell Hardcastle, plaintiff in

error, departed this life in Clay county, Ill., and in support thereof presents herewith the affidavit of H. D. Fehrenbacker, a duly licensed and practicing physician and surgeon within the state of Illinois, wherein affiant states "That he is a regularly licensed and practicing physician and surgeon within the state of Illinois. Affiant further states that A. C., or Clell, Hardcastle was critically injured in an automobile-truck collision and as a result of the injuries received thereby, died in Clay county, Ill., on July 26, 1939. Affiant further states that he was in attendance upon the said A. C., or Clell, Hardcastle at the time of his death.

In a criminal prosecution, the purpose of the proceeding being to punish the accused, the action must necessarily abate upon his death, and, where it is made to appear that the plaintiff in error died pending the determination of his appeal, the cause will be abated. Deweese v. State, 62 Okla. Cr. 6, 69 P. 2d 404; Yota v. State, 10 Okla. Cr. 26, 133 P. 257; Martin v. State, 38 Okla. Cr. 309, 260 P. 780.

It is therefore considered, adjudged, and ordered that the proceedings in the above entitled cause be abated; cause remanded, with direction to the trial court to enter its appropriate order to that effect.