**Robert E. HARTWELL, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 704.

Supreme Court of Alaska.

Feb. 8, 1967.

Warren A. Taylor, Fairbanks, for appellant.

Thomas E. Fenton, Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., RABINOWITZ, J., and SANDERS, Superior Court Judge.

## OPINION

SANDERS, Judge.

In a jury trial, appellant was found guilty of the crime of incest.[1] He was given a sentence of seven years with five years suspended upon the condition that he be placed on probation. On January 24, 1966, the appellant filed notice of appeal from the judgment and sentence entered on January 20, 1966.

The appellant died after he filed his appeal and before the case was set for hearing by this court. The state filed a disclaimer stating that it had no further interest in the proceedings for the reason that the appellant was deceased. Appellant's attorney takes the position that the deceased's "reputation while alive is important to his three remaining children" and urges the court to proceed with the issues raised in the appeal.[2]

The issue presented is of what effect does the death of the appellant, pending disposition of his appeal from a criminal conviction, have on the proceedings?

Research has failed to disclose any controlling Alaska decision or statute, although the issue has been passed on in various forms in many cases in other jurisdictions.[3] Many of these decisions deal with the narrow issues of whether or not representatives of the decedent's estate can be required to pay court costs or fines imposed against the defendant in the trial court prior to his death.[4]

More relevant to the cause presently before this court are those decisions that have passed on the broader question of the effect of appellant's death on the entire proceedings in the cause.[5]

A majority of the federal[6] and state[7] courts where the question has arisen, have held that the death of a defendant in a criminal prosecution abates the action. These authorities hold that death not only abates the issues in the appellate court but applies

1. AS 11.40.110 provides in part that: "A person related to another person within and not including the fourth degree of consanguinity, computed according to the rules of the civil law, who * * * has sexual intercourse with that person, knowing him to be within that degree of relationship, is guilty of incest, and upon conviction is punishable by imprisonment * * *."

2. Letter to the court from appellant's counsel dated June 22, 1966, states in part: "There is a unique matter involved in the appeal * * *. I would like to have this point settled if possible. It is true Hartwell is dead but his reputation while alive is important to his three remaining children."

3. See cases collected in Annot., 83 A.L.R.2d 864 (1962) and Annot., 96 A.L.R. 1322 (1935).

4. United States v. Knetzer, 117 F.Supp. 917 (D.C.Ill.1954); United States v. Theurer, 213 F. 964 (5th Cir. 1914); cert. denied, 235 U.S. 706, 35 S.Ct. 283, 59 L.Ed. 434 (1915); Boyd v. State, 3 Okl.Cr. 684, 108 P. 431 (1910); Blackwell v. State, 185 Ind. 227, 113 N.E. 723 (1916).

5. State v. Free, 37 Wyo. 188, 260 P. 173 (1927); People v. St. Maurice, 166 Cal. 201, 135 P. 952 (1913).

6. Melrose Distillers, Inc., v. United States, 359 U.S. 271, 79 S.Ct. 763, 3 L.Ed.2d 800 (1959); Crooker v. United States, 325 F.2d 318 (8th Cir. 1963).

7. State v. Furth, 82 Wash. 665, 144 P. 907 (1914); Williams v. State, 35 Okl.Cr. 383, 115 P. 379 (1911); Overland Cotton Mill Co. v. People, 32 Colo. 263, 75 P. 924 (1904); O'Sullivan v. People, 144 Ill. 604, 32 N.E. 192, 20 L.R.A. 143 (1892).

to all procedures ab initio in the court below.[8]

It has been held by the United States Supreme Court that—not just the appeal—but the "cause has abated" where the appellant died while the appeal was pending.[9]

The question of whether the appeal or the entire proceeding is abated was answered by the court in State v. Kriechbaum.[10] The court held that:

[T]he death of the defendant abated the action as well as the mere appeal. To 'abate' is to render nonexistent. To say that the action was abated only in part, and reserved in part, would be contradictory to the very cause of the abatement. Death withdrew the defendant from the jurisdiction of the court. It left no apportionment of jurisdiction. The criminal action must therefore be deemed as abated in toto or not at all.

In Baldwin v. United States [11] the court said with respect to an appellant who had died during an appeal "the criminal action has abated". In D'Argento v. United States,[12] under facts similar to those in the Baldwin case, the court held "his appeal is subject to dismissal as the prosecution abates on the death of the defendant". In Pino v. United States [13] the court said "being criminal, the judgment is abated by the death of the plaintiff in error".

The appellant's attorney in this case has asked the court to proceed on the issues raised in the appeal, advancing the argument that appellant's reputation during his lifetime is important to his relatives. A similar request was answered by the court in Bagley v. State [14] in the following manner:

The obliterative effect of abatement ab initio necessarily leaves undetermined the question of the appellant's guilt. For whatever comfort or benefit derivable therefrom, the legal presumption of innocence of the crime with which [deceased] * * * was charged abides now in no less degree than before the criminal proceedings were instituted. Jurisdiction to determine the issue of guilt or innocence is now assumed by the ultimate arbiter of human affairs. The decision we undertook to render is a nullity.

█ The underlying principles of penal administration in Alaska are reformation and protection of the public.[15] The removal of appellant by death has prevented the execution of any sentence adhering to these principles.

█ There is no party to prosecute in this criminal proceeding. Death has removed the appellant from the jurisdiction of this court. The court cannot enforce the judgment and sentence pertaining to the appellant in the administration of its criminal laws.[16]

We hold that all proceedings are permanently abated as to appellant by reason of his death pending the appeal.[17]

The appeal is dismissed and the action ordered abated ab initio.

8. See Dyar v. United States, 186 F. 614 (5th Cir. 1911); United States v. Dunne, 9 Cir., 173 F. 254.

9. Menken v. City of Atlanta, 131 U.S. 405, 9 S.Ct. 794, 33 L.Ed. 221 (1889); List v. State of Pennsylvania, 131 U.S. 396, 9 S.Ct. 794, 33 L.Ed. 222 (1888).

10. State v. Kriechbaum, 219 Iowa 457, 258 N.W. 110, 113, 96 A.L.R. 1317 (1934).

11. 72 F.2d 810, 812 (9th Cir. 1934), cert. denied, 295 U.S. 761, 55 S.Ct. 920, 79 L. Ed. 1703 (1935).

12. 353 F.2d 327, 328 (9th Cir. 1965), cert. denied, 384 U.S. 963, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966).

13. 278 F. 479, 483 (7th Cir. 1921).

14. 122 So.2d 789, 791, 83 A.L.R.2d 860 (Fla.Dist.Ct.App.1960).

15. Alaska Const. art. I, § 12.

16. Raymond v. State, 206 N.E.2d 139 (Ind. 1965); State v. Stotter, 67 Idaho 210, 175 P.2d 402 (1946); Boyd v. State, 3 Okl. Crim. 684, 108 Pac. 431 (1910).

17. Daniel v. United States, 268 F.2d 849 (5th Cir. 1959); People v. Dail, 22 Cal. 2d 642, 140 P.2d 828 (1943); State v. Bradley, 229 Iowa 92, 293 N.W. 858 (1940).