STATE OF NEBRASKA, APPELLEE, v. MELVIN L. CAMPBELL,
APPELLANT.

193 N. W. 2d 571

Filed January 21, 1972.  No. 38210.

Peter B. Beekman, for appellant.

Clarence A. H. Meyer, Attorney General, and James
J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Defendant was charged with the crime of operating
a motor vehicle while his operator's license was under
suspension.  He was tried and convicted in the county
court; he appealed to the district court where he was
tried and convicted; and he appealed to this court.  Prior
to hearing of oral arguments here the defendant died.
The death of the defendant makes the case moot and
requires dismissal of the appeal.  Stanisics v. State, 90
Neb. 278, 133 N. W. 412.  However, the question arises
as to whether or not the judgment of conviction which
did not become final during the decedent's lifetime still
stands.  In the cited case the defendant died while the
appeal was pending.  The administrator of the estate
sought to revive in the administrator's name to contest
the validity of the conviction and to relieve the estate
from liability for costs.  The court seemed to assume
that the estate would be liable for costs but held this
was insufficient reason for a revivor.  Practically all of

the federal courts and most of the state courts which have had occasion to consider the question hold that the death of the decedent pending appeal abates not merely the appeal, but also the proceedings had below in the prosecution from its inception and therefore the correct procedure is to vacate the conviction, and reverse and remand with directions to dismiss the indictment or information. Durham v. United States, 401 U. S. 481, 91 S. Ct. 858, 28 L. Ed. 2d 200; Annotation, 83 A. L. R. 2d 864; Annotation, 9 A. L. R. 3d 462, 496. We think, since at the time of the decedent's death there was no final judgment of conviction, the procedure held applicable in the last-cited authorities is the more consistent with principle. Further, there appears to be no sufficient reason to make a decedent's estate as distinguished from the decedent himself liable for costs of prosecution where there is no final judgment of conviction. The judgment of conviction is vacated and the cause is remanded to the trial court with directions to dismiss the complaint.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.