**STATE of South Dakota, Plaintiff and Respondent,**

v.

**James Edward CLARK, Defendant and Appellant.**

No. 11921.

Supreme Court of South Dakota.

Dec. 7, 1977.

---

Steven L. Zinter, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Steve Jorgensen of Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for defendant and appellant.

PER CURIAM.

The proceedings are before this court pursuant to a motion to dismiss the appeal and remand to circuit court for abatement of the proceedings. We grant the motion.

James E. Clark was charged with two sales of methamphetamine to an undercover informant on August 27, 1974 and September 6, 1974. Following his arrest in December 1974, Clark was bound over for trial following a preliminary hearing on January 31, 1975. Following the preliminary hearing and before the trial, the undercover informant was found murdered in Rapid City, South Dakota. The trial on both counts finally was commenced on March 3, 1976. The testimony of the deceased undercover informant was introduced through a transcript of the informant's testimony at the preliminary hearing. The jury returned a verdict of not guilty as to count I and guilty as to count II. Subsequently, Clark was sentenced to five years in the South Dakota penitentiary and fined $5,000. The execution of that judgment was stayed by this court on an appeal bond of $10,000.

Following the submission of the appeal to this court, Clark was the victim of a homicide. Shortly thereafter, appellate counsel moved this court for an order dismissing the appeal and remanding the matter to the trial court with instructions to dismiss the information and void all proceedings ab initio.

With but few exceptions,* the courts presented with the death of a criminal defendant while the appeal of a conviction is pending have ruled that the death abates not only the appeal but, likewise, all proceedings in the prosecution from its inception. "Effect of Death of Defendant Pending Appeal," 83 A.L.R.2d 864; 21 Am. Jur.2d, Criminal Law, § 608; 24A C.J.S.

---

* *State v. Sholiton*, 1954, 70 Ohio L.Abs. 385, 128 N.E.2d 666; *Commonwealth v. Walker*, 1972, 447 Pa. 146, 288 A.2d 741; *Commonwealth v.*

*Culpepper*, 1972, 221 Pa.Super. 472, 293 A.2d 122; *State v. Jones*, 1976, 220 Kan. 136, 551 P.2d 801.

Criminal Law § 1702. This position has been previously adopted by the South Dakota Supreme Court in *State v. Guffey*, 52 S.D. 95, 216 N.W. 860, by the United States Supreme Court, *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200, and by surrounding states who have considered the question, *State v. Bradley*, 229 Iowa 92, 293 N.W. 858; *State v. Campbell*, 1972, 187 Neb. 719, 193 N.W.2d 571; *People v. Elauim*, 1975, 393 Mich. 601, 227 N.W.2d 553; *State v. Free*, 1927, 37 Wyo. 188, 260 P. 173; *State v. Hale*, 1954, 128 Mont. 116, 270 P.2d 993. The inclusion of a fine does not operate to alter the rule of abatement of all proceedings. *Crooker v. United States*, 1963, 8 Cir., 325 F.2d 318; *State v. Stotter,* 1946, 67 Idaho 210, 175 P.2d 402.

The appeal is dismissed and the matter is remanded to the trial court with instructions that the judgment be vacated and the information dismissed and all proceedings therein abated.