1997 SD 119

**STATE of South Dakota, Plaintiff
and Appellee,**

v.

**James Francis HOXSIE, Defendant
and Appellant.**

No. 19836.

Supreme Court of South Dakota.

Considered on Briefs Sept. 11, 1997.

Decided Oct. 15, 1997.

Mark Barnett, Attorney General, Gary Campbell, Assistant Attorney General, Pierre, for plaintiff and appellee.

Delmar Walter, Sioux Falls, for defendant and appellant.

PER CURIAM.

[¶ 1.] A defendant died during the pendency of the appeal of his criminal action. The question before us is whether it should be dismissed on grounds of mootness or whether the action should be abated ab initio. We dismiss for mootness.

## FACTS

[¶ 2.] James F. Hoxsie was indicted on charges of forgery, third-degree burglary, first-degree robbery, and commission of a felony while armed following his robbery of a Shop–N–Cart in Sioux Falls, South Dakota. He pled guilty to first-degree robbery; the remaining charges against him were dropped. He was sentenced to serve nineteen years in the state penitentiary, with five years suspended on condition of his general good behavior and that he make restitution to Shop–N–Cart. The record does not reflect whether restitution has been made.

[¶ 3.] On September 24, 1996, Hoxsie filed a notice of appeal to this Court challenging only whether his sentence was cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article VI of the South Dakota Constitution. He filed his initial brief with the Court on December 6, 1996. On December 18, 1996, Hoxsie committed suicide in his cell at the state penitentiary.

[¶ 4.] State moved to dismiss the appeal as moot due to Hoxsie's death. The motion was initially denied and the appeal ordered to proceed, limited to the issue of whether the action should be abated ab initio or the appeal dismissed on grounds of mootness.

## DECISION

[¶ 5.] SDCL 23A–32–19 sets forth the dispositional alternatives available to this Court in criminal appeals. However, there is no statute or provision of the state constitution that provides for disposition of a criminal

appeal in the event of the death of a defendant pending that appeal. Our state's statutes allowing substitution of a party in the event of the party's death, SDCL 15–6–25(a)—(e), have heretofore been applied only to civil litigation and, under the present statutory scheme, cannot be construed to apply to criminal appeals. *But see* SDCL 23A–32–14 (providing that the provisions of Title 15, in certain situations enumerated by statute, apply to criminal appeals). By statute, restitution and costs, where they are imposed in a criminal case, are designated as a portion of the punishment. SDCL 23A–27–25.2; *State v. Wilson*, 459 N.W.2d 457, 460 (S.D.1990).

[¶ 6.] In *State v. Clark*, 260 N.W.2d 370 (S.D.1977), this Court adopted the then-majority rule and held the death of an appellant in a criminal case abates the appeal as well as the proceedings in the prosecution from its inception. Twenty years later, *Clark* remains representative of the majority rule in both federal and state courts. *See* Annotation, *Abatement of State Criminal Case by Accused's Death Pending Appeal of Conviction—Modern Cases,* 80 A.L.R.4th 189 (1990 & Supp.1997); *see also* Annotation, *Abatement Effects of Accused's Death Before Appellate Review of Federal Criminal Conviction,* 80 A.L.R.Fed. 446 (1986 & Supp.1997).

[¶ 7.] As noted above, the majority rule holds that the death of a criminal defendant pending appeal of the conviction results in abatement ab initio.[1] The reasoning behind the rule varies among jurisdictions ascribing to it. Generally, the following rationale are

offered in support of a court's decision to abate the criminal proceedings ab initio upon the death of the defendant pending appeal: 1) an appeal is an integral part of the system for adjudicating guilt or innocence, and defendants who die before appellate review is completed have not obtained final adjudication; 2) appeals of right are granted by statutory and constitutional law and while there is no constitutional right to appeal a criminal conviction, once the right is conferred by statute, it may not be indiscriminately denied; and 3) penal system principles of protection of the public and reformation are no longer applicable as the interests of the state and society have been satisfied.

[¶ 8.] Many state courts applying the majority rule of abatement ab initio cite the United States Supreme Court decision of *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971). Therein, the Court held that death pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution since its inception. The Court noted the unanimity of opinion of the lower federal courts in this regard.[2] Five years later, in *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976), the United States Supreme Court dismissed a petition for writ of certiorari upon notice that the petitioner had died, and overruled *Durham* to the extent it was inconsistent with the Court's ruling in *Dove.* These two decisions have been distinguished by the lower federal courts and state courts as *Durham* providing the rule for death of a defendant

---

1. *Hartwell v. State*, 423 P.2d 282 (Alaska 1967); *State v. Griffin*, 121 Ariz. 538, 592 P.2d 372 (1979); *People v. Keister*, 54 Cal.Rptr.2d 431 (Cal.App.1996); *People v. Dail*, 22 Cal.2d 642, 140 P.2d 828 (1943); *People v. Valdez*, 911 P.2d 703 (Colo.App.1996); *People v. Lipira*, 621 P.2d 1389 (Colo.App.1980); *Crowley v. People*, 122 Colo. 466, 223 P.2d 387 (1950); *Howell v. United States*, 455 A.2d 1371 (D.C.App.1983) (citing *Clark*, 260 N.W.2d 370); *State v. Stotter*, 67 Idaho 210, 175 P.2d 402 (1946); *State v. Holbrook*, 261 N.W.2d 480 (Iowa 1978); *State v. Thom*, 438 So.2d 208 (La.1983); *State v. Carter*, 299 A.2d 891 (Me.1973); *Comm. v. De La Zerda*, 416 Mass. 247, 619 N.E.2d 617 (1993); *State v. West*, 630 S.W.2d 271 (Mo.App.1982); *State v. Campbell*, 187 Neb. 719, 193 N.W.2d 571 (1972); *State v. Doak*, 89 N.M. 532, 554 P.2d 993 (App.1976); *People v. Craig*, 78 N.Y.2d 616, 578 N.Y.S.2d 471, 585 N.E.2d 783 (1991); *State v. Dixon*, 265 N.C.

561, 144 S.E.2d 622 (1965); *Johnson v. State*, 392 P.2d 767 (Okla.Crim.App.1964); *State v. Marzilli*, 111 R.I. 392, 303 A.2d 367 (1973); *Clark*, 260 N.W.2d 370; *Carver v. State*, 217 Tenn. 482, 398 S.W.2d 719 (1966); *State v. Free*, 37 Wyo. 188, 260 P. 173 (1927).

2. This continues to be the majority rule in federal jurisdictions. See *Clarke v. United States*, 915 F.2d 699 (D.C.Cir.1990); *United States v. Mollica*, 849 F.2d 723 (2ndCir.1988); *United States v. Williams*, 874 F.2d 968 (5thCir.1989); *United States v. Wilcox*, 783 F.2d 44 (6thCir.1986); *United States v. Littlefield*, 594 F.2d 682 (8thCir.1979); *United States v. Bechtel*, 547 F.2d 1379 (9thCir.1977); *United States v. Davis*, 953 F.2d 1482 (10thCir.1992); *United States v. Logal*, 106 F.3d 1547 (11thCir.1997).

pending an appeal of right, or direct review, and *Dove* providing the rule for the death of a defendant pending discretionary review.

[¶ 9.] Still other state courts have held the criminal defendant's death abates the appeal but does not abate the criminal proceedings from their inception.[3] While many of these courts so hold without discussion of the issue, others note the presumption of innocence falls with the defendant's conviction and to expunge the judgment of conviction for any reason other than a showing of error would not benefit either the deceased defendant or the State.

[¶ 10.] Jurisdictions that permit the appeal to continue are in the clear minority.[4] These courts have found certain matters remain which the appellate process would put to rest and note it is in the interest of both society and the defendant's estate that challenges initiated by the defendant to the regularity or constitutionality of a criminal proceeding be fully reviewed and decided by the appellate process. Note, however, that in *Commonwealth v. Palmer*, 221 Pa.Super. 439, 292 A.2d 428 (1972), decided in a jurisdiction which normally would permit the appeal to continue notwithstanding the defendant's death, the court dismissed the appeal noting the defendant was appealing his sentence only and not his conviction, and therefore his interest in the appeal went no further than the sentence he received. Since any sentence was mooted by the defendant's death, and the judgment of conviction was not appealed, the court impliedly determined there were no further issues to decide.

[¶ 11.] Finally, several state courts recognize and apply a substitution of parties analysis based on their courts' rules allowing substitution of parties in the event of a death of a party to an appeal.[5] These courts note that either party may motion for substitution and that where no such motion is made, the action is abated ab initio. The rationale cited for this substitution rule is that it: 1) preserves the presumption that the conviction is valid until overturned on appeal; 2) preserves the defendant's vested right to an appeal; and 3) protects both society and the defendant's estate from being subjected to the force of a "hollow" conviction, that is, one that remains a presumption only because it has not been fully adjudicated.

[¶ 12.] Recently, the Michigan Supreme Court addressed this issue and held the appeal should be dismissed, rather than abated. *People v. Peters*, 449 Mich. 515, 537 N.W.2d 160 (1995), cert den., — U.S. —, 116 S.Ct. 710, 133 L.Ed.2d 665 (1996). While acknowledging the sole issue before it was whether the order of restitution abated, the *Peters* court deemed it necessary to clarify its position on the rule of abatement ab initio. Finding that recent amendment to the state's constitution and enactment of the state's crime victim's rights act guaranteed a victim's right to restitution, the court held the appeal should be dismissed and that the criminal conviction should be retained. "[W]here the intent behind a fine or order is to compensate the victim, the fine or order may survive the death of the offender." *Id.* at 164. The court noted a conviction destroys a criminal defendant's presumption of innocence regardless of the existence of an appeal of right and declared it better policy to allow the litigation to end and the pre-

**3.** *Ulmer v. State*, 39 Ala.App. 519, 104 So.2d 766 (1958); *State v. Trantolo*, 209 Conn. 169, 549 A.2d 1074 (1988); *State v. Clements*, 668 So.2d 980 (Fl.1996) (will abate the appeal unless good cause can be shown why the appeal should proceed); *Harris v. State*, 229 Ga. 691, 194 S.E.2d 76 (1972); *Whitehouse v. State*, 266 Ind. 527, 364 N.E.2d 1015 (1977); *Royce v. Comm.*, 577 S.W.2d 615 (Ky.1979); *People v. Peters*, 449 Mich. 515, 537 N.W.2d 160 (1995); *In re Carlton*, 285 Minn. 510, 171 N.W.2d 727 (1969); *State v. Cripps*, 177 Mont. 410, 582 P.2d 312 (1978); *State v. Poulos*, 97 N.H. 352, 88 A.2d 860 (1952); aff'd 345 U.S. 395, 73 S.Ct. 760, 97 L.Ed. 1105; *State v. Kaiser*, 297 Or. 399, 683 P.2d 1004 (1984); *State v. Anderson*, 281 S.C.

198, 314 S.E.2d 597 (1984); *Garcia v. State*, 840 S.W.2d 957 (Tex.Crim.App.1992); *State v. Christensen*, 866 P.2d 533 (Utah 1993).

**4.** *State v. Jones*, 220 Kan. 136, 551 P.2d 801 (1976); *Comm. v. Bizzaro*, 370 Pa.Super. 21, 535 A.2d 1130 (1987); *Comm. v. Walker*, 447 Pa. 146, 288 A.2d 741 (1972); *State v. McDonald*, 144 Wis.2d 531, 424 N.W.2d 411 (1988).

**5.** *State v. Makaila*, 79 Hawai'i 40, 897 P.2d 967 (1995); *Gollott v. State*, 646 So.2d 1297 (Miss. 1994); *City of Newark v. Pulverman*, 12 N.J. 105, 95 A.2d 889 (1953); *State v. McGettrick*, 31 Ohio St.3d 138, 509 N.E.2d 378 (1987).

sumptively valid conviction to stand. *Id.* at 163. The court also noted that "[p]urely penal sanctions, however, should be abated ab initio because they no longer continue to serve a purpose." *Id.* at 161.

[¶ 13.] Notwithstanding that the presumption of innocence falls upon a conviction, a judgment is not considered final until it has been appealed or the statutorily allotted time for taking an appeal has run. *See Honomichl v. Leapley*, 498 N.W.2d 636, 638 (S.D.1993) ("[A] case is final when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari [expired].' " quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6, 107 S.Ct. 708, 712 n.6, 93 L.Ed.2d 649, 657 n.6). Mere dismissal of the appeal, without abatement of the proceedings ab initio, would permit a judgment to stand that is not final. However, in the present case, we find it significant that Hoxsie pled guilty to the charged crimes. Thus, the presumption of his innocence fell with his guilty plea. Hoxsie has made no claim on appeal that his plea was improperly induced and involuntary, that he was not informed of the consequences of his plea, or that he was denied effective assistance of counsel.

[¶ 14.] It is also significant to our disposition of this appeal that, although Hoxsie filed a notice of appeal from both his judgment of conviction and sentencing, his sole issue on appeal questioned the constitutionality of his sentence. He did not claim trial court error or abuse of discretion in his judgment of conviction. Failure to raise and brief an issue on appeal waives this Court's review of the issue. SDCL 23A–32–14; SDCL 15–26A–60(6); *State v. Darby*, 1996 SD 127, ¶ 44, 556 N.W.2d 311, 322. Hoxsie, by his death, may gain no greater rights than any other appellant to this Court, therefore his judgment of conviction stands. As Hoxsie did not raise an issue involving irregularity or constitutional error with the portion of his sentence involving the restitution order, it also stands and the victim of his crime may make a claim for restitution from Hoxsie's estate. *See* SDCL 23A–28–1 (providing "[a]n order of restitution may be enforced by . . . a victim named in the order to receive the restitution in the same manner as a judgment in a civil action."). Hoxsie's sentence to a term of years has been made moot by his death.

[¶ 15.] The disposition of this appeal represents no disfavor with the majority rule or this Court's decision in *Clark*, but takes into consideration the unique factual and procedural circumstances surrounding this case. We are not persuaded that, under the present circumstances, abatement ab initio is appropriate.

[¶ 16.] We therefore hold that this appeal be dismissed and that the conviction and order of restitution below will stand.

[¶ 17.] MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, JJ., participating.