2004 WY 30

In the Matter of The Application of Action Bailbonds for Remission of a Judgment of Bond Forfeiture.

Jeanine BEAGLE, d/b/a Action Bailbonds, Appellant (Petitioner),

v.

The STATE of Wyoming, Appellee (Respondent).

In the Matter of The Application of Northwest Bail Bonds, Inc. To Set Aside Bond Forfeiture.

Northwest Bail Bonds, Inc., Appellant (Petitioner),

v.

The State of Wyoming, Appellee (Respondent).

Nos. 03–39, 03–40.

Supreme Court of Wyoming.

March 25, 2004.

Representing Appellants: Rick L. Koehmstedt of Schwartz, Bon, Walker & Studer, Casper, Wyoming; and John H. Robinson of Jamieson & Robinson, LLC, Casper, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Daniel M. Fetsco, Assistant Attorney General, Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶1] These matters were previously before the Court. *Action Bailbonds v. State,* 2002 WY 103, 49 P.3d 992 (Wyo.2002) (hereafter Action); *In the Matter of Northwest Bail Bonds, Inc.,* 2002 WY 102, 50 P.3d 313 (Wyo.2002) (hereafter Northwest). They were remanded to the district court to take additional evidence and to consider Action's and Northwest's contentions that the district court should remit all, or something close to all, of the 100% bond forfeitures originally ordered by it. In the case of Action, the district court originally ordered the $5,000 bond forfeited.[1] It later remitted to Action $1,500 of that forfeiture. On remand the district court increased the remission to $2,500. In the case of Northwest, the district court originally ordered the $7,500 bond forfeited. It later remitted to Northwest $2,500 of that forfeiture. On remand the dis-

---

1. Wyo. Stat. Ann. § 7–10–105 (LexisNexis 2003) provides:

    Any proceeds recovered as a result of the forfeiture of bail in any criminal case shall be paid into the county treasury to the credit of the public school fund of the county in which the defendant was admitted to bail.

trict court increased the remission to $3,750. Both Action and Northwest contend the district court's rulings are an abuse of discretion. We will affirm.

[¶ 2] The sole issue is again whether the district court abused its discretion in remitting only 50% of the bonds. The pertinent facts are fully set forth in our prior opinions. We will employ the same standard of review as we did in our earlier opinions.

## DISCUSSION

[¶ 3] The basis for our remand was articulated in our previous decisions:

> An appellate court will not interfere with a trial court's discretionary rulings absent a clear abuse of discretion. *Semler v. Semler*, 924 P.2d 422, 424 (Wyo.1996). This general rule applies to decisions on motions to set aside a bond forfeiture. "[T]he decision to grant or deny a remission is a discretionary one that will only be overturned on appeal for a patent abuse of discretion amounting to arbitrary and capricious action." *Application of Allied Fidelity Ins. Co.*, 664 P.2d 1322, 1325 (Wyo. 1983). Assessing whether there has been an abuse of discretion involves determining whether the evidence was sufficient to support the district court's decision. *Basolo v. Basolo*, 907 P.2d 348, 353 (Wyo.1995). One factor in that assessment is whether the district court's "conclusions [were] drawn from objective criteria." *Mintle v. Mintle*, 764 P.2d 255, 257 (Wyo.1988) (quoting *Martin v. State*, 720 P.2d 894, 897 (Wyo. 1986)). The burden is upon the appellant to show an abuse of discretion. *Blake v. State*, 933 P.2d 474, 477 (Wyo.1997).

2. W.R. Cr. P. 46(f) provides:
(f) *Forfeiture of bail.—*
(1) Declaration.—If there is a breach of condition of a bond, the court shall declare a forfeiture of the bail.
(2) Setting Aside.—The court may direct that a forfeiture be set aside in whole or in part, upon such conditions as the court may impose, if a person released upon execution of an appearance bond with a surety is subsequently surrendered by the surety into custody or if it otherwise appears that justice does not require the forfeiture.
(3) Enforcement.—When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue

* * * *

It is important to note the procedural context of a contested bond forfeiture. W.R.Cr.P. 46(f)(1) [2] provides that "[i]f there is a breach of condition of a bond, the court **shall** declare a forfeiture of the bail." (Emphasis added.) Use of the word "shall" indicates that this decision is mandatory rather than discretionary. *LePage v. State, Dep't of Health*, 2001 WY 26, ¶¶ 11, 12, 18 P.3d 1177, ¶¶ 11, 12 (Wyo. 2001). The bail must be forfeited. The discretion of the district court is exercised under W.R.Cr.P. 46(f)(2):

> The court may direct that a forfeiture be set aside in whole or in part, upon such conditions as the court may impose, if a person released upon execution of an appearance bond with a surety is subsequently surrendered by the surety into custody or if it otherwise appears that justice does not require the forfeiture.

These rules being structured as they are, the issue comes to the district court not by way of a motion from the State to forfeit the bail, but by way of a motion from the appellant to set aside the forfeiture. The intent and effect of this structure is to place the burden on the surety to show why the forfeiture should be set aside. *State v. Martinez–Gonzales*, 145 Ariz. 300, 701 P.2d 8, 10 (Ariz.App.1985); *Bob Cole Bonding v. State*, 340 Ark. 641, 13 S.W.3d 147, 149 (2000); *State v. Hedrick*, 204 W.Va. 547, 514 S.E.2d 397, 403 (1999).

*Application of Allied Fidelity Ins. Co.* recited both general principles and specific factors that a judge should consider when

thereon. By entering into a bond, the obligors submit to the jurisdiction of the court and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. The obligor's liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the obligors to their last known addresses.
(4) Remission.—After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2).

faced with a motion to set aside a bail bond forfeiture. The general principles include:

The purpose of a bail bond is not punitive. Its object is not to enrich the government or punish the defendant. Nor can it be "used as a balm to soothe the disappointment resulting from the inability to punish and rehabilitate." ... "Neither frustration nor its kinsman vindictiveness should be of weight in tipping the scales by which the elements of the court's decision is weighed."

*Application of Allied Fidelity Ins. Co.,* 664 P.2d at 1325–26 (quoting *United States v. Parr,* 594 F.2d 440, 444 (5th Cir.1979)).

*Application of Allied Fidelity Ins. Co.,* at 1325–26 (citing *United States v. Castaldo,* 667 F.2d 20, 21 (9th Cir.1981), *cert. denied* 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982), and *United States v. Parr,* at 444) also enunciated that the district court should specifically consider in making its determination:

1.  The willfulness of the defendant's breach of conditions;

2.  The reasonable relationship between the forfeiture ordered and the cost and inconvenience to the government of regaining custody of the defendant;

3.  The participation of the surety in apprehending the defendant;

4.  The cost, inconvenience, and prejudice suffered by the government as a result of the defendant's breach;

5.  The amount of delay caused by the defendant's default and the stage of the proceedings at the time of the disappearance;

6.  The public interest and necessity of effectuating the appearance of the defendant; and

7.  Any explanation or mitigating factors presented by the defendant.

*Northwest Bail Bonds, Inc.,* ¶¶ 6, 8–10; *Action Bailbonds,* ¶¶ 17–19.

[¶ 4] Our previous decisions are enhanced by the following analysis found in 3B Wright, King, & Klein, *Federal Practice and Procedure: Criminal 3d* § 777 (2004):

Former Rule 46(e) had contained, since 1972, the provisions that before that had been designated Rule 46(f). Pursuant to the 2002 amendments, former Rule 46(e)(2) and (4) have been redesignated back to Rule 46(f)(2) and (4). Rule 46(f)(2) provides that a forfeiture may be set aside, upon such conditions as the court may impose, if (A) the surety later surrenders into custody the person released on the surety's appearance bond; or (B) it appears that justice does not require the enforcement of the forfeiture. Rule 46(f)(4) provides that after a judgment of default on a forfeited bond, the court may remit it in whole or in part under the conditions applying to setting aside a forfeiture. If forfeited bail has been paid into the Treasury, and a remission is later ordered, there is statutory authority for refund of the money.

These provisions of Rule 46 give the court a freer choice than it had prior to their adoption. The former law had been that the only circumstance under which the surety could avoid forfeiture was a showing that the default of his principle had not been willful. The rule is not so limited, and a showing of lack of willfulness is no longer essential. Instead the court may now take into consideration the expense and inconvenience to the government in determining whether to allow a remission. If there has been no injury to the government, or there is a satisfactory explanation for the default, remission of the entire sum may be ordered. The expense and inconvenience to the government may suggest instead a partial remission.

The district court is given wide discretion with regard to ordering a remission, and ordinarily an appellate court will not interfere with its decision, but the appellate court will reverse if the action of the trial court is an abuse of discretion.

If the surety locates the defaulting defendant, and returns him to the court, some remission is ordinarily proper, but this is not always the case, and a remission may be refused. The court should not order a remission if defendant's failure to appear is the result of inadequate supervision of the defendant by the surety, or if the cost to the government occasioned by

the default approaches the face amount of the bond, or if for any other reason the surety has failed to establish that justice does not require enforcement of the forfeiture.

[¶ 5] We have carefully reviewed the record developed in the district court after our remand. We conclude that the district court provided adequate findings and reached a sustainable conclusion in remitting 50% of the bonds at issue. We would be remiss if we did not take note that the district court was not aided by the State in resolving these important issues. Indeed, the State refused to present any evidence of substance, and its arguments foundered on a naïve assumption that words such as "willfulness," "cost," "prejudice" and "inconvenience" applied only in a colloquial sense. In context, the language used by the rules and by the courts has a more precise meaning than that ascribed to it by the State. The representatives of the State evinced a lack of understanding of the technical language pertinent to this matter, as well as the applicable legal principles.[3] The State's arguments to the district court were puerile, and its cross-examination of cooperative witnesses was abusive and focused on irrelevant matters. The State essentially conceded that it incurred no costs and suffered no inconvenience or prejudice. We construe the district court's finding to conclude that neither defendant in these cases acted "willfully," though the district court did opine that it bordered closely on it. However, the district court's focus on the public's interest and the court's interest in ensuring the timely appearance of defendants in criminal matters, as well as the lack of mitigating factors which favored Action and Northwest, serve to sustain these discretionary rulings.

[¶ 6] Finally, we note that the State chose to interpret our remand as a mandate for the State and the district court to merely "go through the motions and say the words." We view such an attitude as a dereliction of duty that is repugnant both to the courts and to the citizens of this State, and Natrona County in particular. In addition, it was the State's contention that our former opinion was, "more than anything, this is yet another opinion of the Wyoming Supreme Court that seems to indicate they have no concept of how a busy docket runs. None. This is a classic example." The prosecutor's fit of pique served no role in these proceedings other than to disparage this very important process and to demonstrate his unbridled arrogance. This sort of mindless posturing serves no useful purpose.

[¶ 7] In conclusion, we hold the district court did not abuse its discretion in remitting only 50% of the bonds at issue and, thus, we affirm.

VOIGT, Justice, specially concurring.

[¶ 8] I concur in the result and reasoning of the majority opinion. I write separately only to note that I continue to hold to the position espoused in the dissents published in the earlier incarnation of these cases.

---

3. For example:

"Willfulness," as used here, is more akin to "[v]oluntary and intentional, but not necessarily malicious" than it is to "inconsiderate." Black's Law Dictionary 1593 (7th ed.1999).

"Cost" is more akin to actual "price or expenditure," than it is to a circumstance having no significant economic implications. Black's Law Dictionary 349 (7th ed.1999).

"Prejudice," connotes "[d]amage or detriment to one's legal rights or claims" and not just a brief delay in fully vindicating those rights or claims. Black's Law Dictionary 1198 (7th ed.1999).

"Inconvenience" suggests "the sacrifice ... of important public interests or hampering the legitimate activities of government" and not a subjective sense of personal frustration. Black's Law Dictionary 766 (6th ed.1990).