BOOMGAARDEN, Justice.
[¶1] Scott Alan Addison died prior to his criminal trial, while subject to a warrant for his arrest for violation of his bond conditions. His daughter, Kaley Addison, appeals the district court's order affirming the forfeiture of Mr. Addison's $50,000 cash bond, claiming the doctrine of abatement ab initio applies to the bond forfeiture proceeding. We affirm.
ISSUE
[¶2] Ms. Addison raises a single issue, which we restate: Does the doctrine of abatement ab initio apply to Mr. Addison's bond forfeiture proceeding?
FACTS
[¶3] Appellant Kaley Addison's father, defendant Scott Addison, died December 6, 2017, in an armed confrontation with police in Cheyenne, Wyoming. Mr. Addison died the day after the State filed a motion to revoke his bond and the district court issued a warrant for his arrest, and five days prior to his scheduled criminal trial in Albany County, Wyoming. In March 2017, the State charged Mr. Addison with 25 felony counts: one count of first degree sexual assault, one count of blackmail, two counts of attempted blackmail, one count of felonious restraint, and twenty counts of sexual exploitation of a child. At the time of his death, Mr. Addison was free on a $50,000 cash appearance bond, which, among other things, limited his travel to Albany and Laramie counties, and prohibited his use of alcohol or controlled substances.[1]
[¶4] Following Mr. Addison's death, the district court, on the State's motion, ordered Mr. Addison's $50,000 cash appearance bond forfeited to the State of Wyoming. Shortly thereafter, Kaley Addison filed an objection to the forfeiture order as Mr. Addison's heir, and requested that the district court either set aside the forfeiture order or stay the forfeiture pending appeal. The district court held a hearing during which it received evidence and heard argument regarding bond forfeiture. After the hearing, Mr. Addison's counsel, on behalf of Mr. Addison's estate, filed a motion for abatement ab initio of Mr. Addison's case, including the bond forfeiture order. The district court entered its order affirming forfeiture of Mr. Addison's bond on January 17, 2018. In affirming the bond forfeiture, the district court, inter alia , applied Wyoming Rules of Criminal Procedure 46 - 46.4 and the seven factors set forth in In re Nw. Bail Bonds, Inc. , 2002 WY 102, ¶ 10, 50 P.3d 313, 315-16 (Wyo. 2002) (citing Application of Allied Fid. Ins. Co ., 664 P.2d 1322, 1325-26 (Wyo. 1983) ) to evaluate whether a bond forfeiture should be set aside, and also considered whether the forfeiture proceeding *515 abated with Mr. Addison's death. Kaley Addison timely appealed the district court's order only as to the court's ruling on the abatement issue.
DISCUSSION
[¶5] We review de novo the district court's legal conclusion that the doctrine of abatement ab initio does not apply to bond forfeiture proceedings. Boucher v. State , 2012 WY 145, ¶ 6, 288 P.3d 427, 429 (Wyo. 2012) (citation omitted) (when we are asked to determine whether a court applied the correct rule of law, our review is de novo). Ms. Addison cites State v. Free , 37 Wyo. 188, 260 P. 173 (1927) and Perry v. State , 821 P.2d 1284 (Wyo. 1992) in support of her argument that Wyoming has followed the doctrine of abatement ab initio since 1927 and the district court erred when it held that the doctrine of abatement ab initio no longer applies in Wyoming. According to Ms. Addison, stare decisis requires that we apply that doctrine in this case. She cautions us against departing from settled precedent and emphasizes language from Cook v. State , 841 P.2d 1345, 1353 (Wyo. 1992) that "[s ]tare decisis considerations weigh most heavily in cases involving property and contract rights." Ms. Addison fails to acknowledge, however, that this court has only applied the abatement ab initio doctrine to abate a judgment of conviction and all proceedings under such judgment when a criminal defendant died while his appeal was pending and prior to the issuance of this Court's opinion in the appeal. Free , supra ; Perry , supra . We have never applied the doctrine to a bond forfeiture proceeding or any proceeding when the defendant died prior to trial. Consequently, whether the doctrine applies under the circumstances of this case is a question of first impression untethered to principles of stare decisis.
[¶6] The doctrine of abatement ab initio is a common law doctrine in which criminal proceedings are deemed nullified from the beginning for reasons unrelated to the merits of the action. See Free , 260 P. 173 ; United States v. Davis , 953 F.2d 1482, 1486 (10th Cir. 1992) ; United States v. Brooks , 872 F.3d 78, 87 (2d Cir. 2017). Application of the doctrine "leaves the deceased defendant 'as if he had never been indicted or convicted' " as to any counts on which a conviction has not yet become final. Brooks , 872 F.3d at 87. A cornerstone of this doctrine is the abatement of a judgment of conviction, in "the interests of finality and just punishment." Id . ; see also Free , supra , ("[t]he underlying principle is that the object of all criminal punishment is to punish the one who committed the crime or offense, and not to punish those upon whom his estate is cast, by operation of law or otherwise."). "Finality requires that 'a defendant not stand convicted without resolution of the merits of an appeal', and recognition of the purposes of just punishment leads to the conclusion that 'to the extent that the judgment of conviction orders incarceration or other sanctions that are designed to punish the defendant, that purpose can no longer be served.' " Brooks , 872 F.3d at 87.
[¶7] Here, because Mr. Addison died prior to trial he was neither convicted nor punished. There was no judgment of conviction and, therefore, no proceedings accompanying such judgment. Consequently, the interests of finality and punishment served by abating a conviction ab initio when a convicted defendant dies pending sentencing or direct appeal are not implicated in this case.[2]
[¶8] In deciding this issue of first impression under the unusual facts where the defendant died prior to trial, but before his bond was forfeited, we agree, as did the district court, with the federal appeals court's reasoning in Brooks , supra , as to why "the *516 principles of abatement do not apply" to bond forfeiture.
[¶9] Specifically, we agree that the bond forfeiture proceeding was collateral to any determination of Mr. Addison's guilt or innocence, as that proceeding arose out of separate court orders and conditions Mr. Addison agreed to at his arraignment, when he posted bond, and when he requested bond modification, to ensure he would not flee prior to trial. Brooks , 872 F.3d at 93. Mr. Addison's bond was a civil contractual agreement between the State and Mr. Addison, id ., and the State demonstrated that Mr. Addison violated the terms and conditions of that agreement.[3] In other words, though the $50,000 cash bond was constructed in relation to Mr. Addison's pending trial, the bond forfeiture proceeding did not fall under the criminal prosecution or any judgment. The terms of Mr. Addison's pre-trial release were independent of the ultimate determination of his guilt or innocence, and the forfeiture of Mr. Addison's bond operated as damages for his breach of those terms, not as punishment for the criminal offenses for which he was charged. See Beagle , 86 P.3d at 1273.
[¶10] Ms. Addison would have us distinguish Brooks and cases cited therein on grounds that the interest in finality was served in those cases but has not been served in this case because Mr. Addison's bond was forfeited after, rather than before his death. See Brooks , 872 F.3d 78, 91-94 (court decided whether defendant's death while case was pending on appeal abates the previous bond forfeiture, for which the revocation was affirmed on interlocutory appeal); see also United States v. Agueci , 379 F.2d 277 (2nd Cir. 1967) (no relief for surety company pursuant to F.R.Cr.P. 46(f)(2) where defendant died after forfeiture and his death was not the reason for his failure to appear); United States v. Parr , 594 F.2d 440, 442 (5th Cir. 1979) (defendant's death while at liberty following affirmance of his conviction on appeal and following forfeiture of bond for failure to appear at bond revocation proceeding was not a defense available to the surety in the forfeiture proceeding). We conclude that the timing of Mr. Addison's death relative to his bond forfeiture is of no consequence given he died before any judgment of conviction or punishment was imposed, and, most important, because the timing of Mr. Addison's death does not change the collateral, contractual nature of his bond proceeding. For the same reasons, we reject Ms. Addison's suggestion that the doctrine of abatement ab initio should apply here because Mr. Addison acted as his own surety and under those circumstances we should not punish his estate. As both the district court and Ms. Addison correctly noted, "[t]he purpose of a bail bond is not punitive." Beagle , ¶ 3, 86 P.3d at 1273 (internal citations and quotations omitted). The doctrine of abatement ab initio simply does not apply in this context, or in this case.
CONCLUSION
[¶11] Mr. Addison died prior to trial, therefore leaving no judgment of conviction or proceedings under a judgment of conviction for the court to abate. The bond forfeiture proceeding was a collateral proceeding unrelated to any final determination of Mr. Addison's guilt or punishment. For these reasons we conclude the doctrine of abatement ab initio does not apply in this case and affirm.

On December 5, 2017, an off-duty Laramie police officer saw and took photos of Mr. Addison drinking alcohol at Hooters restaurant in Loveland, Colorado.

The record indicates the district court held a status conference on December 7, 2017, the day following Mr. Addison's death, and the same day the court vacated Mr. Addison's trial. However, we found nothing in the record to evidence the dismissal of the amended information charging Mr. Addison with the 25 aforementioned felony counts. To the extent there may be any residual interest in finality to ensure all criminal matters in the underlying criminal action are terminated, the State could simply move to dismiss the amended information pursuant to W.R.Cr.P. 48. Abatement of the information is not necessary. See, e.g. , Davis , 953 F.2d at 1486 (court dismissed pending appeal on learning of defendant's death and remanded to the district court with instructions to vacate the judgment and dismiss the underlying indictment).

Bond must be forfeited for breach of conditions of the bond. W.R.Cr.P. 46(f)(1) ; Beagle v. State , 2004 WY 30, ¶ 3, 86 P.3d 1271, 1273 (Wyo. 2004).